Commonwealth *v.* Rankin, Appellant.

Submitted September 28, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John J. Dean,* Assistant Public Defender, and *George H. Ross,* Public Defender, for appellant.

*Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 25, 1971:

Appellant was convicted of first degree murder and sentenced to life imprisonment. In this consolidated appeal he challenges both the sufficiency of the evidence presented by the Commonwealth at his trial and the denial of post-conviction relief due to an allegedly illegal lineup identification. We affirm.

On March 9, 1937, a man attempted to rob a clothing store located at 1312 Fifth Avenue, Pittsburgh, Pennsylvania. He was frightened away by the proprietor's wife and ran down the street. He was pursued by several people, with one Frank Weitz leading the chase. While in flight, the felon turned and shot Weitz to death.

Appellant, James Rankin, alias Willie Jones, was arrested for the above crime and was indicted for mur-

der. Jones pleaded not guilty, and the court appointed counsel to assist him in his defense. Trial commenced on February 3, 1941, and the jury returned a verdict of first degree murder. Appellant filed no post-trial motions, nor did he take an appeal.

On February 8, 1957, the Governor of the Commonwealth commuted appellant's sentence to a minimum of 16 years 20 days, with the maximum remaining at life. Appellant was paroled on April 16, 1958. He was returned as a convicted parole violator on November 23, 1960, after serving a workhouse sentence of one to two years. He was reparoled on September 12, 1966, but was subsequently convicted of aggravated assault and battery and served a term in Philadelphia County prison. Following parole, appellant was recommitted on July 8, 1968, by the Pennsylvania Board of Parole to continue serving his life sentence.

On January 22, 1969, appellant filed a petition under the Post Conviction Hearing Act,* challenging the pretrial confrontation and also asserting he had not known of his right to appeal. A hearing was held, and the hearing court dismissed the petition with regard to the lineup procedures, but held appellant had been denied his right of direct appeal. A direct appeal as though timely filed was entered on July 14, 1970. Also, an appeal from the denial of post-conviction relief was filed on June 24, 1970. This Court granted a petition for consolidation.

Appellant challenges the sufficiency of the evidence because there was conflicting testimony as to his identification. The proprietor of the store stated appellant was not the person who had attempted to rob his store. However, two bystanders positively identified Rankin

---

* Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. (Supp. 1970).

as the man who fled from the store and did the shooting.

A mere conflict of testimony does not render the evidence insufficient: ". . . [T]he test for the sufficiency of evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty . . . ." *Commonwealth v. Schmidt,* 437 Pa. 563, 566, 263 A. 2d 382, 383-84 (1970) (citing cases). "In view of the jury's verdict, the evidence must be read in a light most favorable to the Commonwealth, and the Commonwealth is entitled to every reasonable inference arising from that evidence. Commonwealth v. Tabb, 417 Pa. 13, 207 A. 2d 884 (1965), and Commonwealth v. Reid, 432 Pa. 319, 247 A. 2d 783 (1968)." *Commonwealth v. Shorter,* 434 Pa. 160, 164, 252 A. 2d 679, 681 (1969). ". . . [A] jury can believe all or a part of or none of a defendant's [or a witness's] statements, confessions or testimony. Commonwealth v. Homeyer, 373 Pa. 150, 153, 94 A. 2d 743." *Commonwealth v. Horn,* 395 Pa. 585, 591, 150 A. 2d 872, 875 (1959) (second brackets in original).

The jury could well have rejected the testimony of the proprietor and believed the testimony of the other two eyewitnesses who positively identified appellant as the man who did the shooting. There is sufficient evidence on this record to sustain the jury's determination that appellant was the man who committed the crime.

Appellant also challenges the pretrial confrontation as being a denial of due process of law. Appellant asserts that a detective pointed him out to the identifying witness, Dora Clayton, while he was in a lineup of

from seven to eight men, all of whom were approximately the same size and of the same race.

The United States Supreme Court has made a thorough analysis of lineups and has concluded that the potential for misuse and prejudicial suggestion inherent in pretrial confrontations is substantial. *United States v. Wade,* 388 U.S. 218, 232, 87 S. Ct. 1926, 1935 (1967). Noting the lineups are most often used to crystallize eyewitnesses' identification of the defendant, the Court specifically condemned various "suggestive procedures," one of which was ". . . that the suspect is pointed out before or during a lineup . . . ." Id. at 233, 87 S. Ct. at 1935-36.

The instant case, however, is governed by the pre-*Wade* standard, and appellant is entitled to relief only if the pretrial confrontation, depending on the totality of the circumstances, was so unnecessarily suggestive as to be a violation of due process. See *Simmons v. United States,* 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968); *Stovall v. Denno,* 388 U.S. 293, 302, 87 S. Ct. 1967, 1972 (1967). Our task is to determine whether the in-court identification had an "independent origin" or was "tainted by the illegal line-up." *Gilbert v. California,* 388 U.S. 263, 272, 87 S. Ct. 1951, 1956 (1967).

Here, even accepting appellant's claim as true, which the hearing court did not do, he would have no legal basis on which to make a successful challenge to his conviction. The record clearly demonstrates sufficient independent grounds for the identification of appellant by Dora Clayton. Appellant himself testified that he had known this particular identifying witness prior to the lineup. Thus, Dora Clayton was not aided by the detective's indication, if in fact he made such a gesture. She already knew what appellant looked like, and her in-court identification could well have been based on that independent knowledge. Any violation

of due process which occurred in the lineup was harmless error. See *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967).

The judgment of sentence and the order denying post-conviction relief are affirmed.

Mr. Justice COHEN took no part in the decision of this case.