Commonwealth *v.* Cook, Appellant.

Argued June 21, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Daniel H. Shertzer,* for appellant.

*George T. Brubaker,* Assistant District Attorney, with him *Ronald L. Buckwalter,* Assistant District Attorney, and *Clarence C. Newcomer,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 30, 1971:
Judgment of sentence affirmed.

———

CONCURRING OPINION BY HOFFMAN, J.:

In January, 1969, appellant was tried before a judge and jury on charges of burglary, larceny, and receiving stolen goods. Testimony at trial showed that appellant was arrested in his apartment on October 13, 1968, and pursuant to a search guns stolen from a bar on September 19, 1968, were discovered. Commonwealth witnesses established the circumstances of the theft of the guns and appellant's later possession. Appellant's demurrer to the evidence was overruled, and he took the stand in his own defense.

At trial appellant acknowledged that initially he had lied to the police, telling them that he had disposed of the guns because he realized that having them could cause him trouble. Appellant testified that he had acquired the guns from a stranger. He indicated that one weekend after a quarrel with his wife he went to a bar and began drinking heavily. A stranger approached him and they began discussing appellant's marital problems. The stranger indicated that if he had a wife like that he would kill her. Appellant asked "how", and the stranger replied, in effect, "with these guns that I am giving you." Appellant testified that he returned home with the guns, but did not have occasion to use them.

The jury found appellant not guilty of both burglary and larceny, but guilty of receiving stolen goods. Posttrial motions were denied and from judgment of sentence this appeal followed.

In order for appellant to be guilty of receiving stolen goods the Commonwealth has the burden of proving the three distinct elements of the crime: (1) that certain goods were stolen; (2) that the defendant received some or all of such goods; and (3) that he received them knowing or having reason to know that they were stolen. *Commonwealth v. Leo,* 188 Pa. Superior Ct. 36, 145 A. 2d 925 (1958). Appellant acknowledges that the Commonwealth established sufficient facts to sustain its burden as to the first two elements. However, he contends that in light of *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), the Commonwealth did not prove beyond a reasonable doubt that appellant knew or had reason to know the guns were stolen.

In *Owens* the appellant's only connection with a stolen pistol was that he was seen with it in his possession three weeks after the theft. The Supreme Court held that in these circumstances it was not "more like-

ly than not" that appellant knew the goods were stolen. Thus the jury could not be allowed to presume the requisite guilty knowledge.

In the instant case, appellant was shown to have possessed the guns at least twenty-four days after their theft, but the jury was presented with additional circumstances relevant to appellant's guilty knowledge. First, appellant had the guns hidden in his apartment, and he indicated to police that he realized their possession could cause him trouble. In addition, appellant gave the police conflicting stories as to his connection with the guns, and the explanation he offered the jury was at best farfetched. Although the Commonwealth's evidence of possession standing alone may not have been sufficient to convict appellant, when he chose not to rest his case but instead took the stand in his own defense, he did so at his peril. *Commonwealth v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314 (1940); Act of June 5, 1937, P. L. 1703, §1, 19 P.S. §481. The jury was of course free to disbelieve his explanation and to consider appellant's lack of truthfulness as an additional circumstance bearing on his knowledge of whether the guns were stolen.

Therefore, unlike the situation in *Owens,* additional evidence besides the mere possession of stolen goods was before the jury. From appellant's possession and these additional facts the jury could properly conclude beyond a reasonable doubt that the guns were stolen. Thus, I believe the ruling of *Owens* is inapplicable to the present case[1] and I concur in the affirmance of the judgment of sentence.

---

[1] Since I believe *Owens* is inapplicable, I do not consider whether that case should be given retroactive application.