Commonwealth *v.* Neal, Appellant.

Argued January 17, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*William J. Lederer,* with him *Frank Carano,* for appellant.

*Romer Holleran,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 25, 1972:

Appellant was convicted, after a jury trial, of aggravated robbery and second-degree murder. His posttrial motions were denied, and he was sentenced to concurrent prison terms of not less than seven nor more than twenty years. The judgment of sentence on

the second-degree murder conviction was appealed to this Court and the Superior Court certified the appeal from the judgment of sentence for aggravated robbery filed there in order that we might consider both appeals together.

The facts as disclosed by the record are that appellant, together with three other men, Stokes, Turner and Owens, after consuming a considerable quantity of alcoholic beverages, determined that they would commit a robbery. Appellant and Stokes then armed themselves with loaded pistols, which they placed in their respective pockets, and the four men left appellant's house, where the drinking and plotting had occurred, and proceeded along the streets of Philadelphia. They proceeded some three blocks until they reached a neighborhood grocery store operated by one Joseph Sandler. Sandler and his clerk, James Green, were preparing to close the store for the night when at least appellant, Stokes and Owens entered the store.[1] Stokes took a bag of potato chips from a display stand and threw it on the counter as though he were about to purchase it. He then reached into the pocket of his coat, pulled out his pistol and announced a holdup. Appellant at this point was standing some two or three feet from Stokes. Upon the announcement of the holdup, Sandler apparently reached for a meat cleaver. Stokes fired at once, hitting Sandler twice in the arm and twice in the chest. Green was hit in the left side of the face. Sandler fortunately recovered from his wounds but Green died of his wounds shortly after the incident.

The four men involved fled from the scene and an argument arose between appellant and Stokes. Appellant was critical of Stokes' action in shooting and fur-

---

[1] The testimony in this regard is not without question. Owens testified that all four entered the store, but Sandler remembered only three entering the store.

ther indicated that he was unhappy that Stokes had engaged in a holdup in a store so close to appellant's home.

Appellant raises three issues on appeal. He first argues that the Commonwealth failed to meet its burden of proving that he either conspired to commit or participated in the crime in controversy. Reduced to its essentials, this argument attempts to paint appellant as an innocent bystander to Stokes' robbery and murder. Appellant contends that although he and his companions had conspired to commit a robbery, they had not settled upon a time or place, and although the probability is that they would have robbed some establishment that night, they had not settled upon this establishment, and in fact appellant would have been opposed to this particular robbery since the store was in his own neighborhood. He maintains that he went into the store to buy a pack of cigarettes and was totally unaware that Stokes had any intention to conduct a robbery in the store.

This contention is buttressed to a certain extent by the testimony of Owens, who was the principal witness for the Commonwealth. Owens testified to the argument which occurred between Stokes and appellant subsequent to the shooting, and further testified that the parties had not settled upon a definite location for the execution of their design to commit a robbery.

We are not impressed by appellant's argument. The law has long been that "the test of the sufficiency of the evidence . . . is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted [citing cases]." *Commonwealth v. Chasten*, 443 Pa. 29, 31, 275 A. 2d 305

(1971). Moreover, we of course must view the evidence in the light most favorable to the Commonwealth, the verdict winner, and the Commonwealth is entitled to every reasonable inference arising from that evidence. *Commonwealth v. Rankin*, 441 Pa. 401, 272 A. 2d 886 (1971), *Commonwealth v. Ingram*, 440 Pa. 239, 270A. 2d 190 (1970). Additionally, it is clear that a jury may believe all or only a part of or none of a witness's testimony, and so long as the verdict is supported by the evidence there is no basis for interference with the fact-finding function of the jury.

In the instant case a clearly permissible inference, arising from the resolve of the four involved individuals to commit a robbery and then the arming of two of them with firearms and leaving the premises in which the plot was hatched, is that when they entered the grocery store it was to commit a robbery. The record in this case does not as a matter of law compel the conclusion that appellant was an innocent victim of his co-conspirator, who was off on a frolic of his own and not engaged within the outlines of the conspiracy when he chose to announce a holdup and shoot the grocer and his employee.

Appellant further complains that the trial judge laid undue emphasis on the case of the Commonwealth to the prejudice of appellant. Without regard to any requirements for specific objections to charge, as opposed to general exceptions, suffice it to say that we have examined the record as to the charge of the trial court in detail and find no support for appellant's allegation.

Finally, appellant argues that the trial judge erred in failing to charge the jury that the intoxication of Owens, the principal witness for the Commonwealth, at the time of the occurrence might affect his credibility as a witness. Initially, it must be observed that no

such request for charge was made, nor was any exception taken to the failure of the trial court so to charge. Once again without regard to the requirements for specific exceptions to charge, we find appellant's position to be without merit. The witness Owens described his condition with particularity on direct examination. He testified as to the amount of alcohol which had been consumed and that although he was not drunk, he was close to being drunk. The jury was in a proper position to determine from this testimony whether Owens had such "ability to observe clearly" as the trial judge instructed them that they must determine with respect to every witness. Additionally, it is clear that appellant's trial strategy was not to impeach Owens' credibility in this respect. He never mentioned possible intoxication on cross-examination, and instead concentrated on the argument between appellant and Stokes after the crime in the hope of establishing the principal allegation of the defense, to wit, that appellant was not an accomplice. Appellant may not have it both ways; having chosen not to contest Owens' ability to remember the events of the day of the crime, he is bound to that decision.

We have reviewed this record and considered all of appellant's allegations of error in the light thereof and find them to be without merit.

Judgments of sentence affirmed.

Mr. Justice ROBERTS concurs in the result.