## Commonwealth v. Christobal

*Richard Makoul,* for Commonwealth.
*I. Robert Shapiro,* for defendant.

KOCH, P. J., October 3, 1972.—Following trial by jury before Hon. Henry V. Scheirer, retired, verdicts of guilty were returned on bill no. 114, January sessions, 1970, charging assault with intent to maim, and on bill no. 115, January sessions, 1970, charging counts of carrying a concealed firearm and carrying the said firearm without a license. Defendant has filed motions in arrest of judgment and for a new trial which were argued before a court en banc including the writer of this opinion.

In the disposition of these motions, we are obliged to consider and read the record in the light most favorable to the Commonwealth: Commonwealth v. Gray, 441 Pa. 91; Commonwealth v. Rankin, 441 Pa. 401.

Thus viewed the facts are as follows:

On or about March 29, 1969, defendant visited a pool hall near Second and Hamilton Streets in Allentown. While in the establishment, he participated in a dice game and became involved in an argument with one Nicholas Garcia, the proprietor. During the argument,

defendant drew a gun from his right hip pocket and fired two shots at Garcia. Both shots lodged in the left leg of the victim.

The first contention of defendant is that the proof was inadequate to support a finding that the weapon carried and utilized was concealed. The testimony of Garcia clearly supports the jury's conclusion that all of the necessary elements of the count were present:

"Q. How far away from him, from the defendant, were you?

"A. I was about approximately—about two and a half to three feet apart. Like from here to there—to that corner in there, and then when I saw him reaching for his pocket I knew what was coming, because I knew he carries a gun, and I told him, 'What are you going to do, Felix? Are you going to pull the gun and shoot me?' I didn't have time to say anything else. He just pulled it. He fired once.

"Q. Where did he pull the gun from?

"A. He pulled it from his right hip pocket with his right hand.

"Q. Now, before he pulled the gun could you see the gun on him?

"A. No, sir, all I saw was the movement from his hand coming out of the hip pocket.

"Q. What was he wearing?

"A. He was wearing a jacket. He was wearing a pair of brown trousers at the time and a light tan jacket —a light tan topcoat, not a jacket—one like this—and that was all he was wearing."

With respect to the charge of assault with intent to maim, defendant maintains that the evidence was insufficient to sustain a verdict of guilty and that the trial judge committed fundamental error by improperly defining the elements of the offense, particularly as it pertains to the matter of intent.

The provision of The Penal Code applicable to this prosecution is as follows:

"Whoever unlawfully and maliciously, shoots at any person, or, by drawing a trigger or by any other manner, attempts to discharge any kind of loaded arms at any person, or stabs, cuts or wounds any person, with intent to maim, disfigure or disable such person, is guilty of felony": Act of June 24, 1939, P. L. 872, sec. 712, 18 PS §4712.

In reviewing the instructions of the trial judge, we conclude that the question of intent was adequately covered. After carefully analyzing the statute, the trial judge, at page 2 of the instructions, charged as follows: "You will observe that the act itself of shooting or drawing a trigger must be with the *intent* to maim, disfigure or disable the other person." A similar statement appears on page 17. We find that counsel for defendant requested no clarification concerning this matter at the conclusion of the charge and that none of the points for charge submitted by defense counsel requested an expansion with respect to this element of the crime. The trial judge fully explained each of the ingredients constituting the offense and our study of it persuades us that there was no error.

The contention of defense counsel that the trial judge was obliged to define the crimes of assault and battery and aggravated assault and battery, for which the defendant was not indicted, is not supported by any authority and our independent research has revealed none. Moreover, no request was made for instructions that the jury might consider these offenses.

We have reviewed the record and conclude that the verdict was supported by the evidence and that the instructions were clear, detailed and unambiguous. We are obliged to deny the motions.

## ORDER

Now, October 3, 1972, defendant's motions in arrest of judgment and for a new trial are denied. It is ordered that defendant appear for sentence in Court Room no. 1 of the Lehigh County Court House on October 10, 1972, at 9:30 a.m.