Commonwealth *v.* Oates, Appellant.

Argued April 18, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Abraham J. Brem Levy,* for appellant.

*William P. Boland,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE NIX, October 4, 1972:

On February 26, 1970, appellant, John C. Oates, was convicted of second degree murder by a jury. Motions for a new trial and in arrest of judgment were denied by a court en banc and a sentence of not less than five nor more than twelve years was imposed on September 15, 1971. This appeal followed.

The record indicates that on February 11, 1969, at approximately 6:00 p.m., a fight erupted between rival gang members in the vicinity of 22nd and Diamond Streets in Philadelphia. The principal combatants were Jerry Yates and Carlton Smith. The appellant who had not been a participant in the affray approached from around the corner brandishing a knife. He immediately encountered Charles Reeves, a bystander, and slashed at him with the knife, ripping the arm of his jacket. Appellant next stabbed James Thompson, another observer, in the arm. Oates then advanced upon Jerry Yates and struck him in the chest with his right hand, the hand which contained the knife. Yates ran and was pursued by the appellant who returned seven minutes later and, while still holding the knife, raised his hand over his head and shouted: "This is Norris Street!"

A short time thereafter the body of Jerry Yates was found by the police on the pavement near the corner of Susquehanna and Van Pelt Streets lying face up in

a pool of blood. The youth was immediately transported to Temple University Hospital where he was pronounced dead on arrival. An autopsy was performed and the cause of death was determined to be two stab wounds of the chest which resulted in fatal hemorrhaging.

Appellant's version of the incident was that as he approached 22nd and Diamond Streets he saw a group of twelve boys walking towards him. He says one of the group ran out of the crowd and punched him and another shouted "shoot, shoot". At this point, appellant reached into his back pocket, pulled out his knife, and stabbed someone either in the stomach or chest. He then pushed off his assailant and ran home, being pursued by the group which had attacked him. Upon reaching home, he talked the matter over with his wife and decided to surrender to the police which, in fact, he did.

Appellant's sole contention is that the evidence adduced at trial was insufficient to support the verdict of the jury finding him guilty of murder in the second degree. We do not agree.

The test for the sufficiency of the evidence to support a murder conviction is well settled. We have held "that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted." *Commonwealth v. Frye,* 433 Pa. 473, 481, 252 A. 2d 580, 584 (1969) (citations omitted). *See Commonwealth v. Bailey,* 448 Pa. 224, 292 A. 2d 345 (1972) ; *Commonwealth v. Neal,* 447 Pa. 452, 290 A. 2d 922 (1972) ; *Commonwealth v. Wrona,*

442 Pa. 201, 275 A. 2d 78 (1971). Applying this standard to the instant case and considering the evidence in the light most favorable to the Commonwealth, *see, e.g., Commonwealth v. Rankin,* 441 Pa. 401, 272 A. 2d 886 (1971), leads inescapably to the conclusion that the jury could reasonably have found that all of the elements of the crime had been proven beyond a reasonable doubt.

Appellant argues that the jury should not have believed the four eyewitnesses since they were all gang members. Specifically, appellant would have us hold that as a matter of law all gang members are unworthy of belief since, in his view, all gang members are dedicated to violating the law.[1] We are not persuaded to abandon all precedent and usurp the fact-finding functioning of the jury which may believe all of, part of, or none of the testimony of any witness. The issue of credibility in resolving the discrepancies between appellant's version of the facts and the testimony of the Commonwealth's witnesses was properly left for the jury. *See, e.g., Commonwealth v. Reid,* 448 Pa. 288, 292 A. 2d 297 (1972); *Commonwealth v. Neal, supra; Commonwealth v. Rankin, supra; Commonwealth v. Hornberger,* 441 Pa. 57, 270 A. 2d 195 (1970).

In further support of his contention that there was insufficient evidence to convict, appellant argues that the element of malice was not established. In order to sustain a conviction of murder the element of malice must be established beyond a reasonable doubt. We have held that "[l]egal malice exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and

---

[1] Interestingly, if appellant's proposition is followed to its logical conclusion it renders his own story unworthy of belief since, by his own admission, he is a former gang member.

a mind regardless of social duty. It may be found from the attending circumstances, and, like the specific intent to kill, may be inferred from the intentional use, without legal excuse or justification, of a deadly weapon on a vital part of another human being." *Commonwealth v. Hornberger*, 441 Pa. 57, 61, 270 A. 2d 195, 197 (1970). *See Commonwealth v. McFadden*, 448 Pa. 277, 292 A. 2d 324 (1972); *Commonwealth v. Bowden*, 442 Pa. 365, 276 A. 2d 530 (1971); *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773 (1970); *Commonwealth v. Lawrence*, 428 Pa. 188, 236 A. 2d 768 (1968). In the instant case, there was testimony to allow the jury to find that the appellant, acting with a reckless disregard for human life, struck the victim in the chest with a knife.

Judgment of sentence affirmed.