Commonwealth *v.* Lewis, Appellant.

Argued November 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Be- fore STRANAHAN, P. J.

*James M. Keller,* for appellant.

*R. Banks,* Assistant District Attorney, with him *Joseph J. Nelson,* District Attorney, for Common- wealth, appellee.

174

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant contends that the Commonwealth did not present sufficient evidence to sustain his conviction of larceny.[1]

At 5:30 p.m. on August 11, 1972, John Kasbee left his backhoe with the keys hidden under the hood in the Sunset Mobile Park in Transfer, Mercer County, Pennsylvania. The next morning when he returned at 7:20 a.m. the backhoe was gone. Kasbee testified that on August 18th, the appellant told him he could retrieve his backhoe for one thousand dollars,[2] and that he wanted no repercussions or names mentioned.

On August 19th at 10:05 a.m., Mr. Kasbee and two State Troopers came back to talk to the appellant. Trooper Leskovak testified that he overheard the con-

_____

[1] Appellant also contends that the charge of larceny was improperly added to his indictment without the benefit of a preliminary hearing. Appellant was arrested and charged with conspiracy and compounding a crime. After a preliminary hearing on these two charges, the Grand Jury added the charge of larceny to the Bills of Indictment. In our opinion *Commonwealth v. Brabham*, 225 Pa. Superior Ct. 331, 309 A. 2d 824 (1973) we fully discussed all aspects of preliminary hearings. Our Court pointed out that a preliminary hearing is a matter of right only if "the person accused shall so demand." Here there is no indication in the record that the appellant ever objected to the charge of larceny being added to the Bills of Indictment without a preliminary hearing being held. Absent a timely objection the appellant cannot raise this issue now as it is not one of basic and fundamental error. See *Commonwealth v. Sampson*, 454 Pa. 215, 311 A. 2d 624 (1973); *Commonwealth v. Agie*, 449 Pa. 187, 296 A. 2d 741 (1972).

[2] Kasbee stated that appellant said that $900 was for the person that took the backhoe and $100 for the appellant. Appellant testified, however, that an unknown man had called him and said, "I've got your backhoe." Lewis said he told the unknown caller that he didn't own a backhoe. The caller then asked him if the owner would want it back, and could Lewis try to locate him and tell the owner he could have it back for $1000. The appellant further testified that he was just trying to do a favor for Kasbee.

versation between Kasbee and the appellant. He said that appellant indicated he knew where the backhoe was and "that he would take us there and if the backhoe wasn't Mr. Kasbee's he would get his $1000 back and if it was damaged Mr. Kasbee would get $1000 back." Kasbee said that he returned again on the 19th at 11:00 a.m. with $1000. The appellant told him to leave the money and come back in an hour after the appellant had made a phone call. Kasbee refused and left. On October 6th, 1972 the backhoe was found fifteen to eighteen miles from where it had been stolen.

The issue then crystallizes to whether, without direct evidence of the theft of the backhoe, and without any evidence placing the appellant at the scene of the crime at the time of the theft, there was sufficient circumstantial evidence on the basis of the conversations to sustain a conviction of larceny.

In order to sustain a conviction for larceny, there must be proof beyond a reasonable doubt that the accused took and carried away the personal property of another with the specific intent of depriving the owner permanently of that property. *Commonwealth v. Lyons*, 219 Pa. Superior Ct. 18, 280 A. 2d 458 (1971); *Commonwealth v. Whitner*, 444 Pa. 556, 281 A. 2d 870 (1971). While it is true that the evidence must be read in the light most favorable to the Commonwealth, which, by reason of the verdict, is entitled to all reasonable inferences arising therefrom the record fails to disclose any evidence of a taking and carrying away on the part of the appellant. Our Court said in *Commonwealth v. Zimmerman*, 214 Pa. Superior Ct. 61, 67, 251 A. 2d 819 (1969) that: " 'It must be remembered that the guilt must be proved and not conjectured. The reasonable inference of guilt must be based on facts and conditions proved; it cannot rest solely on suspicion or surmise. These do not take the place of testimony. The

facts and circumstances proved must, in order to warrant a conviction, be such as to establish the guilt of the defendant, not necessarily beyond a moral certainty, nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt.' "

A close reading of the record and the testimony fails to persuade us that the Commonwealth has met its burden in proving beyond a reasonable doubt that the appellant, Donald Lewis, was guilty of larceny of the backhoe. The backhoe was found a great distance from appellant's land. Witnesses, who saw the backhoe driven away, could not identify the appellant as the driver. The appellant who testified in his own behalf, denied being anywhere near the scene of the theft on the night in question producing a turnpike receipt corroborating his alibi that he was in Michigan at the time.

We, therefore, reverse the judgment of sentence, and order the appellant discharged.

WATKINS, P. J., dissents.