Commonwealth *v*. Truss, Appellant.

Submitted June 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Herbert G. Litvin,* for appellant.

*Salvador J. Salazar,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., September 23, 1974:

The only issue raised on this appeal is whether the evidence adduced at the hearing held on August 7, 1973, before the Honorable RICHARD D. GRIFO in the Juvenile Court of Northampton County, was sufficient to convict the appellant, Otha Truss, of rape.

The test of the sufficiency of the evidence is whether, accepting as true all the evidence upon which, if believed, the fact-finder could properly have based his verdict, it is sufficient in law to prove the defendant guilty of the crime charged beyond a reasonable doubt. *Commonwealth v. Paquette,* 451 Pa. 250, 301 A. 2d 837 (1973); *Commonwealth v. Oates,* 448 Pa. 486, 295 A. 2d 337 (1972). It is axiomatic that the evidence is to be reviewed in a light most favorable to the verdict winner (Commonwealth). *Commonwealth v. Blevins,* 453 Pa. 481, 309 A. 2d 421 (1973); *Commonwealth v. Rankin,* 411 Pa. 401, 272 A. 2d 886 (1971). In so doing, we will accept as true the Commonwealth's evidence and all reasonable inferences arising therefrom. *Commonwealth v. Portalatin,* 223 Pa. Superior Ct. 33, 297 A. 2d 144 (1972).

In the instant case, the Juvenile Court judge was the fact-finder, and his findings are to be given the same weight as a jury verdict. *Commonwealth ex rel. Epps v. Myers,* 197 Pa. Superior Ct. 145, 177 A. 2d 28 (1962). We will not disturb the lower court's discretion in refusing to grant a rehearing without a palpable abuse of discretion. *Commonwealth v. Zapata,* 447 Pa. 322, 290 A. 2d 114 (1972); *Commonwealth v. Hayes,* 205 Pa. Superior Ct. 338, 209 A. 2d 38 (1965).

The facts and circumstances developed by the Commonwealth during the hearing and accepted by the lower court are as follows:

On July 6, 1973, Sherry Gianguzzi and Robert Kostenbader left a friend's birthday party between 10:00 and 10:30 P.M. As they walked home, they

were accosted by a male juvenile who ran between Sherry and Robert, and slapped Robert on the face without apparent provocation.

After a short exchange of words, the juvenile left Sherry and Robert, in order to pursue his dog, which had broken away. A short time later, however, he again approached the couple. This time, the juvenile was accompanied by a large German Shepherd. The juvenile told Robert to stay where he was on the sidewalk or he would order the dog to attack. He then pulled Sherry into a wooded area nearby and forcibly raped her.

Robert managed to run to Sherry's house and call for help. Sherry's neighbor found her coming out of the wooded area, and drove her home. From there, she was taken to a hospital by the police. The hospital report indicated that penetration had been made, but no sperm was detected in Sherry's vagina.

Both Sherry and Robert identified the juvenile rapist as Otha Truss, the appellant, whom they described as having a little mustache and a goatee (NT 9) and a pencil-line mustache and a small goatee (NT 39). Both Sherry and Robert testified that the appellant wore a green shirt with bloused sleeves. The Glen Mills School officials corroborated the Commonwealth's evidence concerning appellant's goatee and mustache.

The lower court's decision to credit the Commonwealth's evidence is *amply* supported by the record. We find no abuse of discretion, and, therefore, uphold the conviction of rape.

Judgment affirmed.