## Commonwealth *v.* White, Appellant.

Submitted December 2, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Paul Messing* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellant contends that there was insufficient evidence to support his conviction for receiving stolen property.[1]

On January 9, 1972, Mary Kauses of 1837 West Venango Street, in the Nicetown section of Philadelphia, reported that her light blue Pontiac, with license number R26342, had been taken by persons unknown from the street in front of her house. She had given no one permission to operate her car; at the time of the theft the car was undamaged. On January 31, 1972, at approximately 1:15 a.m., Officer Frederick Morse observed appellant driving the Pontiac on Germantown Avenue in Philadelphia. After observing that the car had a heavily damaged front and a missing trunk lock, he stopped the automobile for further investigation and asked the appellant to produce his owner's card and driver's license.[2] Appellant left his vehicle and nervously looked through his wallet. Appellant produced no owner's card; he gave the officer the driver's license of one Thomas J. Carroll of 2830 East Almond Street, Philadelphia. In response to a question by the officer appellant stated that the address was in the Germantown section of Philadelphia; in fact, it is in the Richmond section, on the opposite side of the city. Appellant stated that he had borrowed the car from a friend, but failed to give the friend's name or address or to call him. Officer Morse checked the car's license plate number and vehicle identification number with the National Crime Information Center. When he learned that the car had been stolen, he arrested the appellant.

On March 15 and 16, 1973, appellant was tried in the Municipal Court of Philadelphia; he was found guilty

---

1. Act of June 24, 1939, P.L. 872, §817, as amended May 21, 1943, P.L. 306, §1, repealed by the Act of December 6, 1972, P.L. 1482, No. 334, §5, effective June 6, 1973; former 18 P.S. §4817.

2. The question of the legality of the stop and the arrest has not been raised in this Court. A suppression motion was denied in the Municipal Court.

of receiving stolen property but acquitted of other charges. On April 19, 1973, he was sentenced to a term of six to twenty-three and one half months in the county correctional institution. Appellant appealed this conviction to the Court of Common Pleas of Philadelphia County. He waived his right to a trial by jury and was found guilty of receiving stolen property on March 4, 1974, by the Honorable Charles A. LORD, JR., after a trial de novo. On June 19, 1974, after the denial of post-trial motions, appellant was sentenced to a term of one to two years at the State Correctional Institution at Graterford. This appeal followed.

In a prosecution for receiving stolen property, the Commonwealth must prove beyond a reasonable doubt the three elements of the crime: (1) that certain goods were stolen; (2) that the defendant received some or all of the goods; and (3) that he received them knowing or having reason to know that the goods were stolen. *Commonwealth v. Davis,* 444 Pa. 11, 280 A. 2d 119 (1971). Appellant contends that the Commonwealth has failed to prove beyond a reasonable doubt that he knew or had reason to know that the automobile had been stolen.

"The element of appellant's guilty knowledge may be established by direct evidence of knowledge or by circumstantial evidence from which it can be inferred that appellant had *reasonable cause to know* that the property was stolen. If from the circumstantial evidence, it can be inferred that the appellant had reasonable cause to know, a final inference can reasonably be made that he in fact *knew* that the property was stolen." *Commonwealth v. Henderson,* 451 Pa. 452, 455, 304 A. 2d 154, 156 (1973).[3]

In *Henderson,* the Supreme Court held that there was insufficient evidence to prove that guilty knowledge be-

---

3. It is not sufficient to prove that a reasonable and prudent man, in the negligence sense, would have known that the property was stolen. *Commonwealth v. McFarland,* 226 Pa. Superior Ct. 138, 308 A. 2d 126 (1973).

yond a reasonable doubt.[4] In *Henderson,* as in the instant case, the appellant was apprehended driving the stolen car in Philadelphia, where it had been stolen, in the same month during which it had been stolen, and was unable to produce the owner's card. The car bore stolen license plates. The Court noted that "[i]f every person possessing an automobile which they did not own would be held accountable as having knowledge that the automobile was stolen, every person who borrowed a car would be in peril of a conviction for receiving stolen property." *Henderson,* supra, 451 Pa. at 457, 304 A. 2d at 157.[5]

---

4. *Commonwealth v. Henderson,* supra, relied on *Commonwealth v. Owens,* 441 Pa. 318, 271 A. 2d 230 (1970), which held that the mere possession of a stolen gun nineteen days after its theft was not sufficient evidence to sustain a conviction for receiving stolen property. *Owens,* in turn, relied on *Leary v. United States,* 395 U.S. 6 (1969), and *Turner v. United States,* 396 U.S. 398 (1970), reh. denied 397 U.S. 958, which held that a presumption used to prove a criminal case is unconstitutional "unless it can at least be said with substantial assurance that the presumed fact is *more likely than not* to flow from the proved fact on which it is made to depend." *Leary,* supra, 395 U.S. at 36 (footnote omitted, emphasis supplied).

We note that until our Supreme Court's recent decision in *Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A. 2d 204 (1974), held that a standardized inference used to prove the elements of a criminal offense must satisfy a reasonable doubt test, there was some question as to whether the appropriate standard for such an inference was reasonable doubt or more-likely-than-not. *Henderson,* however, explicitly applied a reasonable doubt standard; therefore, we need not consider whether its language would have been any different had it been decided after *DiFrancesco.* "To the extent that the 'rational connection,' 'more likely-than-not,' and 'reasonable doubt' standards bear ambiguous relationships to one another, the ambiguity is traceable in large part to variations in language and focus rather than to differences of substance." *Barnes v. United States,* 412 U.S. 837, 843 (1973), as quoted in *Commonwealth v. DiFrancesco,* supra, 458 Pa. at 196, 329 A. 2d at 209.

5. This Court has suggested that the Pennsylvania Supreme Court has not abolished the inference of guilty knowledge from possession of recently stolen goods, but has severely limited its

In *Henderson,* none of the defendant's actions would have been inconsistent with a finding that he had innocently borrowed a car which had in fact been stolen by a third person. A stolen car does not look any different from any other car, nor does a stolen license plate. Although a driver is under a statutory duty to carry an owner's card, an innocent person might rely on the common practice of placing the owner's card in the glove compartment, or the statutory provision allowing a person to avoid conviction by producing the owner's card within five days.[6] The Commonwealth did not in any way contradict Henderson's account of how he came into possession of the automobile. Thus, if Henderson's conviction had been sustained, it would have been a conviction based only on his possession of the goods.

The result is different when the defendant attempts to deceive the police about his own identity. The evidence may then be held sufficient to support a finding of guilty knowledge. Thus, in *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A. 2d 727, cert. denied, 409 U.S. 867 (1972), Shaffer was not only found in possession of the stolen jewelry less than twenty-four hours after the theft, but gave the police a false name when confronted, and one of his partners attempted to hide the jewelry. And in *United States v. Polk,* 433 F. 2d 644 (5th Cir. 1970), also distinguished by our Supreme Court in *Henderson,* "[t]he defendants in that case had used false names, false ad-

application. See *Commonwealth v. Allen,* 227 Pa. Superior Ct. 157, 324 A. 2d 437 (1974), which notes that both *Owens* and *Henderson* were plurality rather than majority opinions. See also *Barnes v. United States,* 412 U.S. 837 (1973), which upholds such an inference under the federal constitution. Nevertheless, the facts in this case are so close to those in *Henderson* that we may assume that appellant's conviction would not have been sustained solely on proof that he possessed that automobile.

6. Act of April 29, 1959, P.L. 58, §406, as amended November 25, 1970, P.L. 743, No. 240, §1, 75 P.S. §406.

dresses and a false place of employment." 451 Pa. at 457, 304 A. 2d at 157.[7]

In the instant case, appellant presented to the police officer a driver's license obviously belonging to another man, and bearing an address that appellant could not even locate.[8] This unlawful[9] act unmistakably indicated that appellant was trying to hide something from the officer. We might speculate as to what it was that appellant wished to conceal, and concede that it might hypothetically have been something unrelated to the stolen car. Nevertheless, we cannot say that the lower court erred in inferring that appellant concealed his identity because he knew or had reason to know that the car had in fact been stolen.

Appellant also contends that he could not have been given an increased sentence after trial de novo in the Common Pleas Court without facts appearing as of record indicating why such a longer sentence was justified. We rejected this contention in *Commonwealth v. Moore*, 226 Pa. Superior Ct. 58, 312 A. 2d 422 (1973), and in *Commonwealth v. Clay*, 230 Pa. Superior Ct. 157, 326 A. 2d 513 (1974), relying on *Colten v. Kentucky*, 407 U.S. 104 (1972).

Judgment of sentence affirmed.

---

7. See also *Commonwealth v. Cook*, 220 Pa. Superior Ct. 244, 247, 281 A.2d 774 (1971) (HOFFMAN, J., concurring in a per curiam affirmance): "The jury was of course free ... to consider appellant's lack of truthfulness as an additional circumstance bearing on his knowledge of whether the guns were stolen."

8. When stopped, Henderson produced his own driver's license.

9. Act of April 29, 1959, P.L. 58, §624(3), as amended, 75 P.S. §624(3).