363 A.2d 1144
**COMMONWEALTH of Pennsylvania**
**v.**
**Alonzo STEVENSON, Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

Eugene A. Spector (Court Appointed), Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Alonzo Stevenson, files the instant direct appeal, nunc pro tunc, following his conviction on a charge of operating a motor vehicle with a defaced serial number.[1] The sole claim raised by appellant is that the Commonwealth failed to prove that appellant possessed the requisite guilty knowledge or intent to convict him of the crime charged.

---

1. The Vehicle Code, Act of April 29, 1959, P.L. 58, § 301, 75 P.S. § 301 provides:
    It shall be unlawful to have possession of or to operate a motor vehicle, trailer or semi-trailer on which the manufacturer's serial number has been omitted, obliterated or defaced: Provided, however, That this shall not affect those persons authorized by law to have in their possession vehicles on which the manufacturer's serial number has been omitted, obliterated or defaced.

The trial record shows that the appellant was stopped on May 17, 1972 by two Philadelphia police officers, after they observed him driving erratically and at an excessive speed. Once stopped, appellant was asked to produce a driver's license and vehicle registration card. Based upon his experience on the police auto theft squad, one of the officers immediately noticed that the vehicle identification number on the card was one that was issued to 1960 Cadillacs and not to models such as the 1972 Cadillac that appellant was driving. Closer examination of the automobile itself revealed that the visible identification numbers had either been removed or altered.

The appellant, when questioned, told police he had borrowed the automobile from one Walter Hill, whose name appeared on the vehicle registration card. Subsequent investigation by police showed not only that the vehicle was stolen, but also disclosed that there was no Walter Hill living at the address shown on the card.

It is evident that the Commonwealth satisfied its burden of establishing sufficient *mens rea* of the crime charged. *Direct* evidence of an accused's state of mind is often not available where intent or guilty knowledge must be shown in order to sustain a conviction. Thus, it is well established that criminal intent or guilty knowledge may be inferred where facts and evidence are such as to show that element of the crime. See generally *Commonwealth v. Tyrone Williams,* —— Pa. ——, 362 A. 2d 244 (filed July 27, 1976); *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1973). In the instant case, the coalescence of several facts supply clearly sufficient evidence of the necessary intent or knowledge. The appellant was caught driving a stolen car with altered identification numbers. He presented fraudulent cards in a clear effort to further conceal the true ownership and identity of the vehicle. These documents contained the altered, rather than the real identification numbers. Moreover, the reputed "owner" listed on the cards was, from all

proof available at trial, completely fictitious. The appellant's evasive conduct and attempt to mislead police is clear evidence of deceptive intent to conceal the infirmities in the car's identification. Such conduct can certainly be considered probative in evaluating the state of mind of the accused. *Commonwealth v. White*, 233 Pa.Super. 195, 334 A.2d 757 (1975). In our view, this evidence of the appellant's conduct when apprehended demonstrated the requisite *mens rea* of the crime charged.

Affirmed.

HOFFMAN, J., files a dissenting opinion in which JACOBS and SPAETH, JJ., join.

HOFFMAN, Judge (dissenting).

Appellant contends that the evidence is insufficient to support his conviction of operating a motor vehicle with a defaced serial number.[1]

On May 17, 1972 at approximately 5:30 p. m., two Philadelphia police officers, patroling in an unmarked police vehicle, observed the appellant driving a 1972 Cadillac Eldorado in an erratic manner down Germantown Avenue, Philadelphia. One of the officers, Officer Brennan, had worked with the automobile squad investigating stolen cars for several years. The officers followed the automobile for a short time and stopped it on a nearby street. At the officers' request, the appellant produced his driver's license and the registration card for the automobile. Upon examining the registration card, Officer Brennan recognized that the manufacturer's serial number on the card corresponded to a 1960 Cadillac rather than to a 1972 Cadillac. Officer Brennan then "proceeded to the front of the vehicle, looking through the window on the driver's side to check the vehicle identification

1. The Vehicle Code, Act of April 29, 1959, P.L. 58, § 301; 75 P.S. § 301.

number to see if it corresponded to the serial number that was on the registration card." Even though the serial numbers were identical, Officer Brennan's suspicions were further aroused because the serial number plate on the driver's side was noticeably brighter and shinier than the normal dull and smooth plate and because the lettering on the plate was smaller than customary. Officer Brennan then attempted to investigate other places where the serial number is usually reproduced. Unable to look below the hood because it was locked, he checked the other side of the dash where he discovered that the serial number had been obliterated. At this point, Officer Brennan arrested the appellant and took both the appellant and the automobile to the North Central Detective Division.

At the station, Officer Brennan opened the hood and discovered that the serial number on the engine had been defaced. He was able to restore the number, however, and determined that it did not match the serial number on the registration card. After further investigation, it was determined that the automobile had been reported stolen.

On November 28, 1972, the appellant was found guilty of possession or operation of a vehicle with a defaced serial number in Municipal Court. Appellant was tried de novo in the Court of Common Pleas, and was again found guilty of the same charge on November 8, 1973. On February 22, 1974, the appellant was sentenced to a term of six months' to twenty-three months' imprisonment. A timely appeal was filed, but later withdrawn on May 31, 1974. On June 17, 1974, the appellant filed a PCHA petition.[2] After a hearing on the petition, the lower court granted appellant leave to file an appeal nunc pro tunc. This appeal was filed pursuant to that order.

2. Act of January 25, 1966, P.L. (1965), § 5, as amended November 25, 1970, P.L. 759, No. 249, § 1; 19 P.S. § 1180–5.

Appellant's sole contention is that the evidence presented by the Commonwealth was insufficient to establish beyond a reasonable doubt that he knowingly possessed or operated a vehicle with a defaced serial number. "The test of the sufficiency of the evidence is whether, accepting as true all the evidence upon which, if believed, the fact-finder could properly have based his verdict, it is sufficient in law to prove the defendant guilty of the crime charged beyond a reasonable doubt. *Commonwealth v. Paquette*, 451 Pa. 250, 301 A.2d 837 (1973); *Commonwealth v. Oates*, 448 Pa. 486, 295 A.2d 337 (1972). It is axiomatic that the evidence is to be reviewed in a light most favorable to the verdict winner (Commonwealth). *Commonwealth v. Blevins*, 453 Pa. 481, 309 A.2d 421 (1973); *Commonwealth v. Rankin*, 441 Pa. 401, 272 A.2d 886 (1971). In so doing, we will accept as true the Commonwealth's evidence and all reasonable inferences arising therefrom. *Commonwealth v. Portalatin*, 223 Pa.Super. 33, 297 A.2d 155 (1972)." See also *Commonwealth v. Truss*, 230 Pa.Super. 262, 263, 326 A.2d 630 (1974); *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974); *Commonwealth v. DiSilvio*, 232 Pa.Super. 386, 335 A.2d 785 (1975).

Section 301 of The Vehicle Code provides in relevant part "[i]t shall be unlawful to have possession of or to operate a motor vehicle, trailer or semi-trailer on which the manufacturer's serial number has been omitted, obliterated or defaced. . . ." In construing identical language contained in The Vehicle Code of 1929, we stated in *Commonwealth v. Unkrich*, 142 Pa.Super. 591, 598, 16 A.2d 737 (1940), that "[i]t is no offense, nor is it detrimental in any way to the public, for a person to be the purchaser or borrower of an automobile with a defaced secret number of which he has no knowledge." The reason for the scienter requirement is "[o]therwise, any person who buys a car, receives what seems to be a perfectly good title certificate, in which the number corre-

sponds with the undefaced serial number and engine number, and pays the market price therefore, may be arrested, tried, and convicted because perchance a secret number hidden somewhere in the car, where the average person would not think of looking, has been obliterated without the owner's knowledge. If the Commonwealth's theory is correct it would be a wise precaution for every owner of a car to search in the innermost parts of not only the body but the chassis of his car to see if some well concealed number has been defaced." *Commonwealth v. Unkrich,* supra at 595–96, 16 A.2d at 740. See also *Commonwealth v. Bready,* 220 Pa.Super. 157, 286 A.2d 654 (1971).

At appellant's November 8, 1973 trial, the Commonwealth did not introduce any direct evidence regarding the appellant's knowledge of the obliterated serial numbers. It is clear, however, that the Commonwealth may establish the element of guilty knowledge by direct or circumstantial evidence. *Commonwealth v. Henderson,* 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. White,* 233 Pa.Super. 195, 334 A.2d 757 (1975); *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975); *Commonwealth v. Burke,* 229 Pa.Super. 176, 324 A.2d 525 (1974). As we stated in *Commonwealth v. Zimmerman,* 214 Pa.Super. 61, 67, 251 A.2d 819, 822 (1969), however, " '[i]t must be remembered that the guilt must be proved and not conjectured. The reasonable inference of guilt must be based on facts and conditions proved; it cannot rest solely on suspicion or surmise. These do not take the place of testimony. The facts and circumstances proved must, in order to warrant a conviction, be such as to establish the guilt of the defendant, not necessarily beyond a moral certainty, nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt.' " See also, *Commonwealth v. Lewis,* 227 Pa.Super. 172, 323 A.2d 65 (1974).

The Commonwealth argues that the following evidence demonstrates that the appellant knowingly possessed and operated a vehicle with a defaced serial number. When Officer Brennan asked for the registration card, the appellant produced a card showing that the automobile was registered to one Walter Hill. After further investigation, however, Officer Brennan determined that the car was never registered and that the registration card had been forged. Furthermore, Officer Brennan was unable to locate a Walter Hill at the address indicated on the registration card.

No evidence was presented to establish that the defaced serial number was readily noticeable to the average motorist. Rather, Officer Brennan, who possessed a special expertise regarding stolen vehicles, observed that the serial number on the registration card corresponded to an earlier make Cadillac and that the serial number plate appeared abnormal. Only then did he check other hidden places where the serial number is normally reproduced. I cannot conclude that it is reasonable to infer from this evidence that the appellant knew or should have known that he had possession of or that he was operating a vehicle with a defaced serial number. Rather, it is reasonable to infer that not only the ordinary motorist, but also the ordinary police officer would not have known about the defaced serial number. I would reverse appellant's conviction and order him discharged.

JACOBS and SPAETH, JJ., join in this dissenting opinion.