393 A.2d 1235

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Anthony PONDER.**

Superior Court of Pennsylvania.

Argued March 21, 1978.

Decided Nov. 3, 1978.

G. Barthold, Assistant District Attorney, with him Edward G. Rendell, District Attorney, Philadelphia, for Commonwealth, appellant.

No appearance entered nor brief submitted for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT and HESTER, JJ.

CERCONE, Judge:

This case comes before us on a Commonwealth appeal from an order of the Court of Common Pleas of Philadelphia County, Criminal Trial Division, granting defendant-appellee's motion in arrest of judgment.

█ Appellee was convicted, in a non-jury trial, of recklessly endangering another person, criminal conspiracy, possession of an instrument of crime, simple assault, aggravated assault, and robbery. A motion for a new trial and/or arrest of judgment was filed. The court arrested judgment because of retrospective doubts as to the accuracy of the identification of appellee by the complaining witness. It is not disputed that the complainant's testimony, *if believed,* was sufficient to support the verdict. This conclusion defeats a motion in arrest of judgment, for the question to be answered in deciding such a motion, as stated in *Commonwealth v. Froelich,* 458 Pa. 104, 106, 326 A.2d 364, 365 (1974) is as follows:

> "[Whether] accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict; it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged."

The Supreme Court made clear in *Commonwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266, 1269 (1977) that the same standard applies to a non-jury trial and reversed a trial court who had failed to apply it:

> " . . . [A]n examination of the trial court's opinion in support of granting the motion in arrest of judgment reveals that the trial court, in passing on that motion, engaged in a weighing of the evidence, rather than determining the absence or presence of that quantum of evidence necessary to establish some proof of the elements of the crimes . . . In view of the fact that the initial verdict was guilty, it is apparent that the trial court re-evaluated Ostroff's credibility and the weight to be assigned thereto. As such, the trial court did not follow the standard articulated above for considering a motion in arrest of judgment, but rather weighed the evidence.

*Meadows* controls the instant case and dictates a reversal of the trial court's order arresting judgment.

█ However, appellee also filed a motion for a new trial which was not passed upon by the court below.

.

"Although the assertion that the verdict is against the weight of the evidence is not a proper consideration in passing on a motion in arrest of judgment, a criminal defendant may be given a new trial on that ground, and this is true, even where the evidence is legally sufficient to sustain a guilty verdict. (Citation omitted.)" *Commonwealth v. Meadows,* supra, 471 Pa. at 1270. The granting of a new trial is a matter within the trial court's discretion, *Commonwealth v. Vogel,* 458 Pa. 200, 321 A.2d 633 (1974), and is not foreclosed by the decision on the arrest of judgment alone.

Accordingly, the order arresting judgment is reversed and the case remanded to the trial court for disposition of the motion for a new trial.

HESTER, J., files a dissenting opinion, in which PRICE, J., joins.

HOFFMAN and SPAETH, JJ., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

This is an appeal by the Commonwealth from an Order granting appellee's Motion in Arrest of Judgment.

Appellee, in a non-jury trial, was found guilty of recklessly endangering another person, criminal conspiracy, possession of an instrument of crime, simple assault, aggravated assault and robbery. Appellee filed a motion for a new trial and/or arrest of judgment. Three months after finding the appellee guilty, the trial court granted appellee's Motion in Arrest of Judgment. The Commonwealth appeals.

Appellant's sole assertion on appeal is that where a judge, acting as a trier of the facts, returns a verdict of guilty, he may not subsequently grant a motion in arrest of judgment on the ground that the testimony which he found credible at trial is now unworthy of belief. We agree with the Commonwealth's assertion and rule that the trial judge improperly granted appellee's Motion in Arrest of Judgment.

Where the question is purely one of law the Commonwealth may appeal from an adverse ruling in a criminal

case. *Commonwealth v. Melton,* 402 Pa. 628, 168 A.2d 328 (1961); *Commonwealth v. Hartman,* 383 Pa. 461, 119 A.2d 211 (1956); *Commonwealth v. Wallace,* 114 Pa. 405, 614 A. 685 (1886). Here the pure issue of law is whether the testimony offered at trial by the Commonwealth was insufficient to support the jury's finding of second degree murder. To so find, as did the court below, it must be determined that accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict, it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged. *Commonwealth v. Ponton,* 450 Pa. 40, 44, 299 A.2d 634 (1972); *Commonwealth v. Oates,* 448 Pa. 486, 489, 295 A.2d 337 (1972); *Commonwealth v. Chasten,* 443 Pa. 29, 31, 275 A.2d 305; *Commonwealth v. Commander,* 436 Pa. 532, 538, 260 A.2d 773 (1970); *Commonwealth v. Frye,* 433 Pa. 473, 481, 252 A.2d 580 (1969).

It is equally axiomatic that in reviewing the evidence we must do so in a light most favorable to the verdict winner, in this instance the Commonwealth. *Commonwealth v. Cimaszewski,* 447 Pa. 141, 143, 288 A.2d 805 (1972); *Commonwealth v. Rankin,* 441 Pa. 401, 404, 272 A.2d 886 (1970); *Commonwealth v. Gray,* 441 Pa. 91, 94, 271 A.2d 486 (1970); *Commonwealth v. Simpson,* 436 Pa. 459, 463, 260 A.2d 751 (1970); *Commonwealth v. Culbreath,* 439 Pa. 21, 24, 264 A.2d 643 (1970); *Commonwealth v. Kravitz,* 400 Pa. 198, 202, 161 A.2d 861 (1960). (*Commonwealth v. Blevins,* 453 Pa. 481, 309 A.2d 421 (1973)

It follows, therefore, that the proper standard to be used by the trial judge in evaluating the Motion in Arrest of Judgment should have been:

"  .   .   . accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed, it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged." *Commonwealth v. Froelich,* 458 Pa. 104, 326 A.2d 364 (1974).

The court below, as evidenced by its opinion, used no such standard when considering appellee's motion in arrest of judgment. The test used below was completely inappropriate:

"It therefore appears to this Court that it has the power to review and reconsider the testimony which was presented to it at the time of trial, and upon that review and reconsideration to make a determination as to the credibility of witnesses and also as to the accuracy of that testimony." (Lower court Opinion, page 5, Record, page 6).

*Commonwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266 (1977) (with almost an identical factual situation), clearly holds that a reweighing of the evidence from trial is forbidden:

" . . . an examination of the trial court's opinion in support of granting the motion in arrest of judgment reveals that the trial court, in passing on that motion, engaged in a weighing of the evidence, rather than determining the absence or presence of that quantum of evidence necessary to establish some proof of the elements of the crimes . . . In view of the fact that the initial verdict was guilty, it is apparent that the trial court re-evaluated Ostroff's credibility and the weight to be assigned thereto. As such, the trial court did not follow the standard articulated above for considering a motion in arrest of judgment, but rather weighed the evidence. (At page 1269).

The trial court relied on *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976) as its authority for reevaluating the trial testimony. In *Farquharson,* the lower court denied defendant's motion in arrest of judgment following a jury trial and on appeal asked the court to determine the credibility of trial witnesses. Justice Nix stated at page 550:

While there may be some legitimacy for a trial court, who has also observed the witnesses as they testified, to consider the weight of evidence and to that extent review the

jury's determination of credibility, there is surely no justification for an appellate court, relying solely upon a cold record, to exercise such a function.

Clearly, this reference was dictum, and in view of *Commonwealth v. Meadows,* supra, decided a year later, the trial judge in the case before this court improperly granted the motion in arrest of judgment based on his reevaluation of the trial testimony.

In passing upon motion in arrest of judgment, sufficiency of evidence must be evaluated upon entire trial record; all evidence must be read in light most favorable to commonwealth, and it is entitled to all reasonable inferences arising therefrom; effect of such a motion is to admit all facts which commonwealth's evidence tends to prove. 19 P.S. § 871. *Commonwealth v. Meadows,* supra.

Viewing the Commonwealth's evidence (which was completely unrebutted, the appellee having presented no evidence) in the light most favorable to the Commonwealth and according it all reasonable inferences arising therefrom, we are of the opinion that the evidence was sufficient to sustain the guilty verdict.

The victim, James Faison, testified at trial that the appellee, whom he knew as "Fatsie", and an accomplice tapped on his car window and asked directions (N.T. 15). When Mr. Faison opened the door, the appellee and his companion pulled knives. They forced Faison out of the car and riffled his pockets which contained about $3.00 in change. Then they struck Mr. Faison on the head, at which point he ran between them and across the street. He then discovered he had been cut (N.T. 17–19). Later, following treatment at a hospital, he reported to the police that he had been robbed. Mr. Faison could not identify the appellee from pictures shown to him by the police that night (N.T. 40). Approximately one week later, he saw appellee near the area where the robbery had occurred and immediately so advised a police officer, who then arrested appellee (N.T. 24). Appellee, when arrested, was in possession of a knife, identified by the victim as the one used to cut him on the night of the robbery (N.T. 25).

A review of the record reveals that there was sufficient evidence to sustain a guilty verdict and we therefore conclude that it was error for the trial court to grant appellee's motion in arrest of judgment.

Appellee also filed a motion for a new trial which was not passed upon by the lower court. We find no grounds sufficient to support such a motion.[1]

The majority agrees that the arrest of judgment must be reversed. However, the majority is of the opinion that the case should be remanded for the purpose of considering the motion for new trial. I respectfully dissent. The evidence produced by the Commonwealth was more than sufficient to sustain the conviction and was completely unrebutted. The remand is not warranted.

PRICE, J., joins in this dissenting opinion.

1. Appellee in his Motion for a New Trial and/or Arrest of Judgment, asserted the following:
   (a) verdict was contrary to law;
   (b) the evidence was insufficient to sustain the verdict of the court;
   (c) the Commonwealth did not sustain its burden in proving the jurisdiction of the crime; and
   (d) the Commonwealth did not sustain its burden of proof in finding the defendant guilty of crimes charged beyond a reasonable doubt.