393 A.2d 886

## COMMONWEALTH of Pennsylvania

v.

### Robert C. WHITE, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted March 31, 1978.

Decided Oct. 20, 1978.

398

John A. Mihalik, Bloomsburg, for appellant.

C. Kent Price, Assistant District Attorney, State College, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

Appellant was charged with a violation of 75 P.S. § 301 under the Old Vehicle Code.[1] He was tried without a jury, and convicted on April 20, 1977. Post-verdict motions were filed and denied. The appellant, a Pennsylvania resident, was a truck driver employed by Oil Tank Lines, Inc., a Pennsylvania corporation. The appellant was initially stopped during the summer of 1976 by the State Police, and although not cited, was advised that he was in violation of 75 P.S. § 301 for operating a semi-trailer whose manufacturer's serial number plate was missing from the door jam of the cab. In November of that year, he was again stopped, and when it was discovered that the door jam number plate was still missing, the appellant was arrested and the vehicle impounded. The secret manufacturer's serial number, which was stamped into a portion of the underside of the frame,

1. Act of April 29, 1959, P.L. 58, § 301: "It shall be unlawful to have possession of or to operate a motor vehicle, trailer or semi-trailer on which the manufacturer's serial number has been omitted, obliterated or defaced." The violation of this statute is a misdemeanor.

was found intact and confirmed that the truck had not been stolen.

The determinative issue raised in this appeal is whether the lower court erred in failing to grant the appellant's Demurrer to the Information at the close of the Commonwealth's case.

■■ A plain reading of 75 P.S. § 301 provides that it is a crime to obliterate, deface or omit the manufacturer's serial number on a vehicle. This serial number is located in two places on the car—on the door jamb and stamped to the frame. If that number is obliterated, defaced or omitted in either place, a person in possession of the vehicle can be held in violation of the statute. However, this is not such an act as is governed by the concept of mala prohibita, and subject therefore to absolute criminal liability. Some requirement of criminal intent or guilty knowledge must be read into the statute in order to justify its misdemeanor status. There is no requirement of guilty knowledge apparent on a mere reading of 75 P.S. § 301; however, mere possession is not sufficient to sustain a conviction under case law. See *Commonwealth v. Unkrich,* 142 Pa.Super. 591, 16 A.2d 737 (1940) and *Commonwealth v. Stevenson,* 242 Pa.Super. 31, 363 A.2d 1144 (1976).

In the instant case, the most the Commonwealth proved was that the appellant knew that he was driving a trailer which did not have a serial number plate on the door. This is clearly insufficient. The trailer was not stolen. When appellant was informed about the missing number, he reported this to his employer who informed him that there was a manufacturer's serial number on the frame. The trailer in question had a replacement cab, and there was no evidence that there ever had been a number on it, nor that it had been omitted intentionally. These facts clearly do not establish sufficient mens rea for the commission of a crime defined by 75 P.S. § 301.

In *Unkrich,* 142 Pa.Super. 591, 16 A.2d at page 741, this court recognized the ambiguous nature on this statute and stated:

Before one can be convicted of a crime his case must plainly and unmistakably come within the provisions of the statute. 'A statute that either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law.' [citation omitted]

The judgment of the lower court is reversed and the appellant discharged.

CERCONE and PRICE, JJ., dissent.

HOFFMAN, J., did not participate in the consideration or decision of this case.