489 A.2d 925
**COMMONWEALTH of Pennsylvania**
v.
**Joseph MILEWSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1985.

Filed March 15, 1985.

Todd J. O'Malley, Scranton, for appellant.

Ernest D. Preate, Jr., District Attorney, Scranton, for Commonwealth, appellee.

Before McEWEN, CIRILLO and HESTER, JJ.

CIRILLO, Judge:

This is an appeal by appellant Joseph Milewski from the judgment of sentence entered by the Court of Common Pleas of Lackawanna County. Following a trial by jury, appellant was convicted of dealing in vehicles with removed

or falsified numbers. Post-trial motions were denied, and Milewski was sentenced to pay the costs of prosecution and placed on probation for one year. We reverse.

Appellant raises three issues in the instant appeal. We need only address his claim regarding the sufficiency of the evidence because we find that the evidence was insufficient to sustain his conviction.

"In reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt." *Commonwealth v. Taylor*, 324 Pa.Super. 420, 424, 471 A.2d 1228, 1229 (1984).

So viewed, the record reveals that in early November of 1979, a new 1979 Buick automobile was stolen from the residence of Joseph Wroble. The Pennsylvania State Police conducted an investigation and determined that Auto Haus, Inc., a used car dealership, received an automobile that contained engine parts and the transmission from the Wroble automobile. The vehicle identification numbers on these parts had been altered.

The evidence presented by the Commonwealth showed that late in November of 1979, appellant negotiated with the president of Auto Haus concerning the sale of the automobile in question. Once they reached agreement, appellant indicated that someone would deliver to Auto Haus the title for the car, and a check should be made payable to that party.

Based upon this evidence, appellant was convicted of dealing in vehicles with removed or falsified numbers, 75 Pa.C.S. § 7103(b). Section 7103(b) provides:

(b) **Knowledge of fraudulent intent.**—A person who buys, receives, possesses, sells or disposes of a vehicle, engine or transmission with *knowledge* that an identification number has been removed or falsified with intent to

conceal or misrepresent the identity thereof, is guilty of a felony of the third degree.

(Emphasis added). An essential element of this crime is knowledge. *Commonwealth v. Grabowski,* 306 Pa.Super. 483, 489–90, 452 A.2d 827, 831 (1982). While "guilty knowledge may be inferred where facts and evidence are such as to show that element of the crime," *Commonwealth v. Stevenson,* 242 Pa.Super. 31, 33, 363 A.2d 1144, 1145 (1976) (allocatur denied), "mere possession is not sufficient to sustain a conviction...." *Commonwealth v. White,* 259 Pa.Super. 397, 399, 393 A.2d 886, 887 (1978). Moreover, the burden is upon the Commonwealth to prove that a defendant had knowledge of the removed or falsified numbers. *Commonwealth v. Cecchini,* 315 Pa.Super. 153, 461 A.2d 843 (1983); *Commonwealth v. Unkrich,* 142 Pa.Super. 591, 16 A.2d 737 (1940).

 Our review of the record discloses no evidence, either direct or circumstantial, that would lead one to conclude that appellant had knowledge of the removed or falsified numbers. The Commonwealth places great emphasis upon the fact that Milewski represented himself as the owner of the automobile in the negotiations with Auto Haus, and that appellant's business may have had machinery that could be used to alter a vehicle's identification numbers. We fail to see how the element of knowledge could be inferred from this evidence. Furthermore, appellant's temporary possession of the car in question did not give rise to a duty "to make a thorough inspection of it to ascertain the condition of a hidden serial number." *Commonwealth v. Unkrich, supra,* 142 Pa.Superior Ct. at 598, 16 A.2d at 741.

Therefore, we hold that the Commonwealth failed to meet its burden of proving that the appellant had knowledge of the removed or falsified numbers. Consequently, the evidence was insufficient to prove appellant's guilt beyond a reasonable doubt.

230

Judgment of sentence is vacated, and appellant is discharged.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. The Commonwealth presented more than sufficient evidence to meet its burden of proof. There was evidence that appellant came to the President of Auto Haus, Inc. and negotiated with him concerning the sale of the automobile in question, a new 1979 Buick, and represented that the car was his and he wanted to sell it. It was appellant who delivered the car to the Auto Haus used car lot and told the President that he would send his man down with the title for the automobile. Appellant conducted all the negotiations for the sale of the car. The records of Auto Haus indicate the car was purchased from appellant. Appellant's name appeared on the check representing payment for the car but not as payee. I would affirm on the able opinion of Judge Munley of the trial court.