459 A.2d 365

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Samuel HENLEY.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1983.

Filed March 31, 1983.

Reargument Denied May 25, 1983.

Petition for Allowance of Appeal Granted Sept. 27, 1983.

Kenneth S. Gallant, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Burton A. Rose, Philadelphia, for appellee.

Before CAVANAUGH, ROWLEY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is a Commonwealth appeal from the lower court's sustaining a demurrer to the evidence charging appellee with attempting to receive stolen property because the crime was legally impossible. We find that the legal impossibility defense has been abolished in Pennsylvania and, accordingly, reverse and remand for trial.

On December 22, 1980, the Commonwealth's informant entered appellee's jewelry store and offered to sell appellee

five gold chains that had been specially coated by law enforcement officials. Appellee, clearly made aware that the chains were stolen, paid the informant $30.00, and requested that the informant bring in any additional stolen items he might have. The transaction was tape-recorded and appellee's hands were found to be covered with the special substance. Following the Commonwealth's presentation of evidence, the lower court granted appellee's demurrer to the charge of attempting to receive stolen property, reasoning that because the chains were in police possession and had, therefore, lost their stolen character, no crime was possible.[1] The Commonwealth appeals from that order, alleging that 18 Pa.C.S.A. § 901(b) precludes the lower court's holding.

In construing Pennsylvania's statutes, "the object of all interpretation ... is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "Where provisions of a statute appear ambiguous or inconsistent, the intention of the legislature may be determined by examining the occasion, reason or necessity of the law." *Pennsylvania Labor Relations Board v. State College Area School District 1*, 461 Pa. 494, 502, 337 A.2d 262, 266 (1975). *See* 1 Pa.C.S.A. § 1921(c); *Commonwealth v. Barone*, 276 Pa.Superior Ct. 282, 293, 419 A.2d 457, 463 (1980). In addition, any former law on the same or a similar topic and the "consequences of a particular interpretation" may be considered. 1 Pa.C.S.A. § 1921(c)(5) and (6).

■ Section 901 of the Pennsylvania Crimes Code reads as follows:

(a) *Definition of attempt*—A person commits an attempt when, with intent to commit a specific crime, he

---

1. In order to prove the underlying offense of theft by receiving stolen property, "the Commonwealth must establish that: (1) the goods are stolen; (2) the defendant received such goods; (3) the defendant knew them to be stolen or had reasonable cause to know that they were stolen." *Commonwealth v. Gore*, 267 Pa.Superior Ct. 419, 424, 406 A.2d 1112, 1114 (1979). The lower court here reasoned that because the chains were in police possession and hence, not stolen property, no attempt could be made to commit the underlying crime.

does any act which constitutes a substantial step toward the commission of the crime.

(b) *Impossibility* —It shall not be a defense to a charge of attempt that *because of a misapprehension of the circumstances it would have been impossible* for the accused to commit the crime attempted.

18 Pa.C.S.A. § 901. (emphasis added). The Commonwealth contends that § 901(b) precludes the use of both legal and factual impossibility as defenses to crimes of attempt, while appellee interprets the same language as precluding only factual impossibility. After a thorough analysis of the statute and the legislature's intent, we agree with the Commonwealth that § 901(b) abolished both defenses and thus, find the demurrer inappropriate.

■ A distinction existed at common law between legal and factual impossibility. Factual impossibility though never a defense for one charged with attempt to commit a crime "notwithstanding the existence of facts unknown to him which would have rendered the complete perpetration of the crime itself impossible," *People v. Jaffe*, 185 N.Y. 497, 499, 78 N.E. 169 (1906), reh. den., *People v. Jaffe*, 186 N.Y. 560, 79 N.E. 1113 (1906), superseded by statute as stated in *People v. Leichtweis*, 59 App.Div.2d 383, 399 N.Y.S.2d 439 (1977), is best illustrated by "Pickpocket cases", where despite the absence of money or a wallet in a pocket, potentially subject to larceny, attempt to commit larceny may still be proven. *See Commonwealth v. Johnson*, 312 Pa. 140, 167 A. 344 (1933) (factual impossibility not a defense to a charge of attempt to obtain money by false pretenses); *People v. Gardner*, 144 N.Y. 119, 38 N.E. 1003 (1894). Legal impossibility occurs where the intended acts would not amount to a crime even if completed, *People v. Jaffe, supra*, 185 N.Y. at 497, 78 N.E. at 169, and applies to those circumstances where:

(1) the motive, desire and expectation is to perform an act in violation of the law;

(2) there is intention to perform a physical act;

(3) there is a performance of the intended physical act and;

(4) the consequence resulting from the intended act does not amount to a crime.

*U.S. v. Berrigan*, 482 F.2d 171, 188 (3d Cir.1973).[2] *See generally* Annot., 37 A.L.R.3d 375 (1971). The present case illustrates a situation appropriate to an assertion of the legal impossibility defense: despite appellee's belief that the chains were stolen, he was incapable of attempting to receive stolen property because the chains were not stolen. *See* 37 A.L.R.3d *supra* at 383 ("no man can legally intend what is legally impossible.") *See, e.g., U.S. v. Aviedo*, 525 F.2d 881 (5th Cir.1976) (impossible to attempt to distribute heroin where actual substance distributed was uncontrolled); *U.S. v. Berrigan, supra* (impossible to attempt to smuggle letter from prison without consent or knowledge of warden where warden knew); *U.S. v. Hair*, 356 F.Supp. 339 (DCDC 1973) (impossible to attempt to receive stolen property where property not stolen); *People v. Jaffe, supra* (impossible to receive stolen cloth in possession of police.)

■ Although this distinction has been historically recognized, the modern trend is to eliminate the distinction and abrogate the entire impossibility defense. This modern trend is clearly represented in the Model Penal Code, § 5.01:

(1) *Definition of Attempt.* A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise requested for commission of the crime, he:

(2) purposely engages in conduct which would constitute the crime *if the attendant circumstances were as he believes them to be;*

**2.** The distinction between factual and legal impossibility has elsewhere been explained "where the act, if completed, would not be criminal, the situation is usually described as a 'legal impossibility;' but where the basic substantive crime is impossible of completion simply because of some physical or factual condition unknown to the defendant, the situation is usually described as a 'factual impossibility.'" Annot. 37 A.L.R.3d 375, 383 (1971).

Model Penal Code (U.L.A.) § 5.01. (emphasis added). The drafters of the Model Penal Code intended "to extend the criminality of attempts by sweeping aside the defense of impossibility (including the distinction between so-called factual and legal impossibility) . . ." Model Penal Code § 5.01, tentative Draft No. 10, *quoted in United States v. Hair*, *supra*, 342. The Pennsylvania legislature intended § 901 to be "similar to § 5.01 of the Model Penal Code." Historical Note to 18 Pa.C.S.A. § 901. The language of the Model Penal Code, "if the attendant circumstances were as he believes them to be," clearly abrogates both the legal and factual impossibility defenses. For no matter what the actual extrinsic circumstances are, if the defendant intends to commit a crime, he may be guilty of attempt even if the crime is impossible to complete or his actions do not constitute a crime.[3] The Pennsylvania statute however, employing the language "because of a misapprehension of the circumstances it would have been impossible for the accused to commit the crime attempted," fails to emphasize the irrelevancy of the actor's subjective beliefs and might thus be construed to preclude only the factual impossibility defense where the *factual* circumstances are not as the actor believes them to be. Despite the apparent ambiguity created by the legislature's failure to adopt the Model Penal Code verbatim, we are satisfied that the legislature intended the same effect.

"The purpose of [§ 901(b)] is to reverse the results in cases where attempt convictions have been set aside on the ground that it was legally impossible for the actor to have committed the crime contemplated." S. Toll, Pennsylvania Crimes Code Annotated § 901(b), at 218 (1974). *See People*

---

3. The result desired or intended by the actor must, however, constitute a crime. "If, according to his beliefs as to facts and legal relationships, the result desired or intended is not a crime, the actor will not be guilty of an attempt even though he firmly believes that his goal is criminal." S. Toll, Pennsylvania Crimes Code Annotated § 901(b), at 219 (1974) *quoting* Model Penal Code (U.L.A.) § 5.01 Tent. Draft No. 10, Comment at 31 (1960). *See e.g., People v. Teal*, 196 N.Y. 372, 89 N.E. 1086 (1909) (no attempt to suborn a witness if the testimony sought is immaterial and would not, if given, constitute perjury.)

*v. Jelke,* 1 N.Y.2d 321, 152 N.Y.S.2d 479, 135 N.E.2d 213 (1956); *People v. Jaffe, supra; People v. Rollino,* 37 Misc.2d 14, 233 N.Y.S.2d 580 (1962). Toll challenges the unsound basis for the legal impossibility defense as:

> Seeking to evaluate mental attitude—'intent' or 'purpose' —not by looking to the actor's mental frame of reference, but to a situation wholly at variance with the actor's beliefs. In so doing, the courts exonerate defendants in situations where attempt liability most certainly sould be imposed. In all of these cases (1) criminal purpose has been clearly demonstrated; (2) the actor has gone as far as he could in implementing that purpose; (3) as a result, the actor's 'dangerousness' is plainly manifested.

*Id.* at 220, and opines that the General Assembly intended to abolish the defense of impossibility notwithstanding its characterization as legal or factual. Toll's analysis parallels the express intention of the legislature in addressing impossibility, to make § 901(b) "similar" to § 5.01 of the Model Penal Code.

The prior Pennsylvania statute, detailing the inchoate crime of attempt, 18 P.S. § 5107 (repealed), made no reference to the impossibility defenses. Interpreting the new statute to preclude only the factual impossibility defense, would reduce the legislature's action to mere codification of existing law. *See Commonwealth v. Johnson, supra.* Agreement with appellee's interpretation of § 901(b) would dictate a reading of the statute to abolish a defense never recognized and to ignore contemporary criticism of the entire impossibility concept. Moreover, mere codification of the existing law is not "similar" to the Model Penal Code's abrogation of the entire defense. We therefore agree with the Commonwealth that the legislature meant to effect a more significant change in re-examining and re-drafting the inchoate crime of attempt.

■ Furthermore, many other jurisdictions have abrogated the impossibility defense. California, for example, has consistently acknowledged a crime of attempt to receive stolen property even though the property was in police

possession. *See People v. Rojas,* 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d 921 (1961); *Faustina v. Superior Court of Los Angeles County,* 174 Cal.App.2d 830, 345 P.2d 543 (1959). ("Intent is in the mind, it is not the external realities to which intention refers. The fact that defendant was mistaken regarding the external realities did not alter his intention, but simply made it impossible to effectuate it. . . ." *People v. Rojas,* 55 Cal.2d at 257, 10 Cal.Rptr. at 468, 358 P.2d at 924.) Similarly, and perhaps most indicative of the prevalent shift in many jurisdictions, New York, in 1967, amended its penal code[4] to reflect the Model Penal Code's abolishment of the defense. This is notable as the New York Court of Appeals had validated the legal impossibility defense to a charge of attempting to receive stolen property in *People v. Jaffe, supra* and thereby established a foundation upon which many jurisdictions have based their decisions to allow the defense. In sum, many jurisdictions adopting the Model Penal Code stance for determining criminal culpability for attempt, have shifted the focus from extrinsic circumstances to the actor's mental state. Therefore, the actor's belief in the external circumstances, not the reality of the external circumstances, controls the necessary proof for attempt to commit the underlying substantive crime.

In light of this trend, and the background of Pennsylvania law, we find no plausible explanation for the legislature's amendment to the inchoate crimes provisions other than to parallel the intent of the Model Penal Code and abolish the legal impossibility defense. Accordingly, the standard for a demurrer, that "the evidence of record and the inferences reasonably drawn therefrom would [not] support a verdict of guilty," *Commonwealth v. Dennis,* 211

---

**4.** *See* N.Y. Penal Law § 110.10 (Consol.1967):

If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime would have been committed had the attendant circumstances been as such person believed them to be.

Pa.Superior Ct. 37, 40, 234 A.2d 53, 54 (1967), is not met in this situation. Because appellee is precluded from asserting the impossibility defense, the trier of fact may consider appellee's beliefs, notwithstanding the actual extrinsic circumstances, in determining appellee's intention in attempting to receive stolen property.

Since we find that legal impossibility is no longer a defense to a charge of attempt to commit a crime, we reverse and remand for trial.

Reversed and remanded.

Jurisdiction is not Retained.