623 A.2d 838

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Walter STAFFORD, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1992.

Filed April 20, 1993.

Frederick W. Ulrich, Thomas A. Thornton and Joseph Cagnoli, Jr., Asst. Public Defenders, Harrisburg, for appellant.

Richard E. Guida, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before ROWLEY, President Judge, CAVANAUGH, McEWEN, DEL SOLE, BECK, TAMILIA, KELLY, POPOVICH and FORD ELLIOTT, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Dauphin County, following appellant's conviction by a jury of four counts of receiving stolen property.[1] Herein, appellant contends the trial court erred in refusing to instruct the jury that the Commonwealth must prove the goods in question were actually stolen in order to sustain a conviction for receiving stolen property. We agree and, accordingly, reverse the decision of the court below.

The statute in question, 18 Pa.C.S.A. § 3925, Receiving Stolen Property, provides, in pertinent part, as follows:

(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

At trial, appellant requested the lower court to instruct the jury that in order to convict him of receiving stolen property, the Commonwealth was required to prove beyond a reasonable doubt the following: 1) The property was stolen; 2) Appellant was in possession of the property; and 3) Appellant knew the property was stolen or had reason to believe it was stolen. Appellant's request was consistent with prior interpretation of the statute. See, Commonwealth v. Kinsey, 249 Pa.Super. 1, 375 A.2d 727 (1977); Pennsylvania Suggested Standard Criminal Jury Instruction, 15.3925A.

However, the lower court, at the urging of the Commonwealth, refused to instruct the jury that the Commonwealth must prove beyond a reasonable doubt that the property in question was actually stolen. Rather, focusing upon the precise language of the statute, the court instructed the jury:

1. 18 Pa.C.S.A. § 3925.

The [appellant] is charged with the crime of theft by receiving stolen property and in order to find the defendant guilty of this crime, you must be satisfied that the Commonwealth has made out the following elements beyond a reasonable doubt.

\* \* \*

First, that he intentionally received or disposed of property of another. Secondly, that he received or disposed of it knowing that it had been stolen or believing that it had probably been stolen.... (N.T., pp. 135–136).

In ruling on appellant's post-verdict motions, the lower court held that the Commonwealth is not required to prove that the property was stolen in order to sustain a conviction for receiving stolen property. In reaching its decision, the lower court noted the distinction between the language of the prior version of receiving stolen property and the present. Prior to the present version of receiving stolen property, 18 Pa.C.S.A. § 3925, which became effective on June 6, 1973, the offense was defined as:

Receiving Stolen Property.—Whoever buys, has, or receives any goods, chattels, money or securities, or any other matter or thing, *which shall have been stolen or feloniously taken,* either in this Commonwealth or in any other state or country, knowing, or having reasonable cause to know the same to have been stolen or feloniously taken, is guilty of a felony.... (Emphasis added.)

18 Pa.S.A. § 4817 (1943, May 21, P.L. 306, § 1) (repealed). See also 18 Pa.S.A. § 4817 (1939, June 24, P.L. 872, § 817) (repealed).

As the lower court noted, missing from the present version of the statute is the language "which shall have been stolen or feloniously taken". The prior version of the statute *expressly* required not only that the suspect know or have reasonable cause to know the property was stolen but also that the property actually be stolen. 18 Pa.S.A. § 4817 (repealed). The present statutory language, however, does not expressly

require the Commonwealth to prove that the property was stolen. 18 Pa.C.S.A. § 3925(a).[2]

Despite the lack of specificity regarding the requirement that the Commonwealth must prove that the property was stolen, modern Pennsylvania case law supports appellant's position that the Commonwealth must prove the goods were actually stolen in order to obtain a conviction for receiving stolen property. For, example, in *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 10, 375 A.2d 727, 731 (1977), the defendant asserted that the Commonwealth failed to prove that the property in his possession was stolen. Therein, we recited the language of 18 Pa.C.S.A. § 3925, and stated:

> The requisite factors for proof of this crime are set out in *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119, 121 (1971), where the court states: "[i]t is settled that the Commonwealth has the burden of proving three distinct elements of the crime of receiving stolen goods: (a) that the good are stolen; (b) that the defendant received such goods; and (c) that he received them knowing, or having reasonable cause to know that they were stolen." See also *Commonwealth v. Henderson*, 451 Pa. 452, 304 A.2d 154 (1973); *Commonwealth v. White*, 233 Pa.Super. 195, 334 A.2d 757 (1975).

The Commonwealth and the lower court submit that *Kinsey, supra*, and all case authority for the "stolen" requirement either pre-date the 1972 Crimes Code (thus, ruling on the express statutory requisite that the goods be "stolen or feloniously taken") or mechanically recite the antiquated case law on the subject. In fact, we note that not once since the language of the offense of receiving stolen property was changed by the Crimes Code of 1972, has this court or our

2. The Model Penal Code, § 223.6, served as the basis for the present offense of receiving stolen property when the Legislature drafted the 1972 Crimes Code, *Legislative Journal*, Senate of Pennsylvania of 1972, p. 1633 (September 12, 1972), and reads:

> (1) *Receiving.* A person is guilty of theft if he purposely receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with the purpose to restore it to the owner. . . .

Supreme Court directly commented upon the difference between the language of the two statutes. However, we do not believe that fact alone renders the well-established case authority obsolete.[3]

Herein, we expressly rule that the Commonwealth must first establish that the goods in question are actually stolen in order to sustain a conviction for receiving stolen property. It is not enough that the Commonwealth proves only that: 1) The defendant received property of another; and 2) He received the property knowing it was stolen or believing it had probably been stolen. The Commonwealth also must establish that the property was actually stolen. By so ruling, we simply require the Commonwealth to continue to prove an element of the crime which "is both sound and firmly established in the case law ..." Subcommittee Note, Pa.S.S.J.I. (Crim.) 15.-

---

**3.** Since enactment of the 1972 Crimes Code, all cases governing the crime of receiving stolen property either do not specifically rule on the issue presented herein or rely upon pre–1972 Penal Code cases as authority. For example, *see Davis, supra* (pre-dated the present version of the statute); *Henderson, supra* (disposed of an offense governed by 1939 Penal Code); *White, supra* (ruled on language of 18 Pa.C.S.A. § 3925, but relied on *Davis, supra,* without analysis of the different statutory language); *Commonwealth v. Peluso,* 481 Pa. 641, 393 A.2d 344 (1978) (crime occurred prior to enactment of 1972 Crimes Code, and decision expressly cites 1939 Penal Code language, "stolen or feloniously taken"); *Commonwealth v. Williams,* 468 Pa. 357, 362 A.2d 244 (1976) (does not address issue in question); *Commonwealth v. Gore,* 267 Pa.Super. 419, 406 A.2d 1112 (1979) (although ruling on 18 Pa.C.S.A. § 3925, cited *Davis, supra,* as authority); *Commonwealth v. Deemer,* 316 Pa.Super. 28, 462 A.2d 776 (1983) (cited five cases in support of "actually stolen" element, all of which can be traced to the 1939 Penal Code and related cases); *Commonwealth v. Houmis,* 227 Pa.Super. 573, 307 A.2d 339 (1973) (offense governed by 1939 Penal Code); *Commonwealth v. Wilcox,* 310 Pa.Super. 331, 456 A.2d 637 (1983) (relied exclusively upon *Davis, supra* ); *Commonwealth v. Harrison,* 289 Pa.Super. 126, 432 A.2d 1083 (1981) (relied on cases which do not address "actually stolen" element or which rely upon cases decided under the 1939 Penal Code); *Commonwealth v. Phillips,* 258 Pa.Super. 109, 392 A.2d 708 (1978) (mechanically relied upon cases decided under 1939 Penal Code); *Commonwealth v. Worrell,* 277 Pa.Super. 386, 419 A.2d 1199 (1980) (relied upon *Phillips, supra* ); *Commonwealth v. Grabowski,* 306 Pa.Super. 483, 452 A.2d 827 (1982) (relied upon *Williams, supra, Harrison, .supra, Worrell, supra,* and *Phillips,* which have all been cited above); *Commonwealth v. Stasiak,* 305 Pa.Super. 257, 451 A.2d 520 (1982) (citing § 3925, but quoting no authority for proposition that goods must actually be stolen).

3925A.[4]  *See Davis, supra;  Henderson, supra;  Williams, supra;  White, supra;  Peluso, supra;  Gore, supra;  Deemer, supra;  Houmis, supra;  Wilcox, supra;  Harrison, supra; Phillips, supra;  Worrell, supra;  Grabowski, supra;  Stasiak, supra.*[5]

The elimination of the requirement that the goods be stolen would create a situation in criminal law that, while it may not be unique, is most unusual—a victimless crime.  If the Commonwealth did not need to prove the property in question was stolen, it is possible that no person or business entity has been criminally injured.  We are convinced that the more prudent interpretation of the statute requires proof that the goods were stolen.  This interpretation is supported by the very title of the crime in question, "Receiving stolen property"; that is to say that the continued use of the word "stolen" and its inclusion in the theft section of the Crimes Code indicates the

4. Pennsylvania Suggested Standard Criminal Jury Instruction 15.-3925A, includes as an element of the crime of receiving stolen property, "that the property was stolen property".  In the Subcommittee Note, it is recognized that:

> ... This version of the elements is in accordance with the elements of receiving stolen property under the 1939 Penal Code, see *Commonwealth v. Peluso*, 481 Pa. 641, 393 A.2d 344 (1978).  However, it is not wholly consistent with the interpretation which the Draftsmen of Model Penal Code Art. 223.6(1), on which Crimes Code § 3925 is patterned, would give their article.  They reject the idea that the property must in fact be stolen property, the accused's belief that it is stolen will suffice....

> In drafting the elements, the subcommittee has incorporated the requirement that the property was in fact stolen property; this element is both sound and firmly established in the case law, see e.g., *Commonwealth v. Kinsey*, 249 Pa.Super. 1, 275 [375] A.2d 727 (1977) (conviction reversed for insufficient proof that goods were stolen property); *Commonwealth v. Henley*, 312 Pa.Super. 564, 459 A.2d 365 (1983), aff'd 504 Pa. 408, 474 A.2d 1115 (1984) (receiver is guilty of attempt if goods are not stolen property).

5. The Commonwealth submits that in *Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980), our Supreme Court held that there are only two elements to the crime of receiving stolen property—receipt of the property and knowledge that the property was stolen.  That is not the case.  In *Scudder, supra*, it was clear that the property was stolen, and therefore, the issue presented herein was never addressed.  In fact, our high court cited *Peluso, supra* and *Davis, supra*, as correctly setting forth the elements of receiving stolen property.  As previously noted, both of those cases require proof that the goods were actually stolen.

necessity of the predicate offense of a theft. See 1 Pa.C.S.A. § 1924.

■ The Commonwealth expresses its concern that such an interpretation would render it difficult, if not impossible, in some situations to obtain a conviction for theft by receiving stolen property. The Commonwealth submits that large retailers will never be able to say whether a particular item was stolen, especially items upon which no serial number appears. However, if we were to accept the Commonwealth's justification for eliminating the "stolen property" element of the crime, we would, in fact, shift the burden of proof to the defendant to show that his possession of an item was legitimate before the Commonwealth has established that the defendant's possession was even suspect, much less criminal. That would be directly contrary to the most basic principle of criminal jurisprudence—the presumption of innocence.[6]

In addition, the Commonwealth is concerned about the problem addressed in the Model Penal Code, § 223.6, Comment 4(b) which states:

(b) Stolen in Fact. There is no requirement in Section 223.6 that the property in fact has been stolen; it is sufficient if the actor believes that the property has probably been stolen. A problem has sometimes arisen under existing law as to whether property loses its "stolen" character when law enforcement officers or agents of the owner apprehend the thieves, resume control of the property, and thereafter permit the thieves to carry out a previous arrangement to deliver the property to a receiver. [Footnote omitted.] Normally, such questions must be analyzed in terms of whether the purported receiver can then be convicted of attempt, and the issue turns on the attitude of the jurisdiction toward "impossibility" as a defense to attempt.

6. We note that the Commonwealth may prove that the goods were "stolen" by means of circumstantial evidence alone. It has long been the law of this Commonwealth that circumstantial evidence and the inferences drawn therefrom can support a conviction under the standard of beyond a reasonable doubt. *Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589 (1991); *Commonwealth v. Gorby*, 527 Pa. 98, 588 A.2d 902 (1991).

The formulation of Section 223.6 completely avoids this problem by focusing not on the abstract character of the property but on the receiver's belief that the property has probably been stolen. Thus, in a case such as [*People v. Jaffe*, 185 N.Y. 497, 78 N.E. 169 (1906) (receiver cannot be held for attempt to receive stolen property since completion of transaction would not constitute receipt of stolen property) ], it would not matter whether the property is still properly described as "stolen" after the owner resumes control and then allows the thieves to pass it on to the purported receiver. The critical issue will be one of culpability, namely, whether the receiver obtains the property believing that it probably belongs to another and has been stolen. The receiver can of course hold this belief regardless of the actual status of the property and a conviction can thus be obtained without posing the difficult analytical inquiries that the *Jaffe* court thought critical in applying that statute involved in that case. (Footnote added.)

Although the Model Penal Code specifically excluded proof that the goods were actually stolen as an element of the offense, the problem which the Model Penal Code sought to alleviate has already been solved in Pennsylvania by the elimination of the defense of legal impossibility.

In *Commonwealth v. Henley*, 504 Pa. 408, 474 A.2d 1115 (1984), our Supreme Court ruled that the defense of legal impossibility has been abrogated in Pennsylvania, see 18 Pa.C.S.A. § 901(b), and consequently, a defendant may be convicted of attempt to receive stolen property regardless of whether the goods are actually stolen.[7] Therefore, a defendant could still be convicted of *attempt* to receive stolen

7. In *Henley, supra,* an informant entered a jewelry store and offered to sell five gold chains to the defendant. The informant told the defendant that the chains were stolen, and the defendant purchased the chains. At trial, the defendant demurred to the evidence, arguing that the goods were not stolen property because they were in police custody, and, therefore, he could not be found guilty of attempt to receive stolen property which was not actually stolen. The trial court granted the demurrer. The Superior Court reversed and remanded for trial. Our Supreme Court granted allocatur and affirmed the decision of the Superior Court.

property when the goods were, in fact, not stolen or had lost their " 'stolen' character" once in the control of law enforcement officers. See *Henley, supra.*

With the crime of attempt to receive stolen property, it is the defendant's *mens rea* that is key to the guilt determination. On the other hand, our interpretation of 18 Pa.C.S.A. § 3925 requires the Commonwealth to prove that the goods were stolen before the inquiry turns to the defendant's culpable knowledge or intent. Instantly, had the Commonwealth wished to forego proof of the stolen status of the goods, it could have simply charged appellant with attempt to receive stolen property.[8]

■ In conclusion, we hold that the Commonwealth must prove that the property in question was actually stolen in order to sustain a conviction for receiving stolen property. Our decision today simply restates that which, for the past twenty years, has been the consistent and proper application of 18 Pa.C.S.A. § 3925. Since the lower court did not correctly instruct the jury on the elements of receiving stolen property, we remand for a new trial.[9]

8. We note that a person who is guilty of an attempted offense is subject to the same penalty as that which could have been imposed upon the completed offense, see 18 Pa.C.S.A. § 905(a). Therefore, as a practical matter, there is no penal difference whether the property was stolen.

9. In her concurring and dissenting opinion, Judge Ford–Elliott applies the majority's holding to the facts of this case and concludes that the Commonwealth did present sufficient evidence from which the jury could infer that the good were stolen. Therefore, the dissent would affirm the judgment of sentence.

The majority, however, has determined that remand for a new trial is necessary. It is not the function of the appellate court to make factual findings. Cf., *Commonwealth v. Iannaccio*, 505 Pa. 414, 480 A.2d 966 (1984), cert. denied, *Iannaccio v. Pennsylvania*, 474 U.S. 830, 106 S.Ct. 96, 88 L.Ed.2d 78 (task of reviewing court is not to conduct a *de novo* determination, but only to determine whether there was substantial evidence to support the decision below). A review of the sufficiency presupposes that the jury (or judge) has had an opportunity to consider the evidence and apply the relevant law. Instantly, the question of whether the evidence was sufficient to prove beyond a reasonable doubt that the goods were stolen was never presented to the jury. Mindful that it is prerogative of the fact finder to believe all, part or none of the evidence presented, *Commonwealth v. Blassingale*, 398 Pa.Super. 379, 581 A.2d 183 (1990), we must remand for a new trial. Otherwise,

Judgment of sentence reversed. Case remanded for a new trial.

FORD ELLIOTT, J., files a concurring and dissenting opinion in which McEWEN and BECK, JJ., join.

FORD ELLIOTT, Judge, concurring and dissenting:

I agree with the majority that in a prosecution for theft by receiving stolen property the Commonwealth must prove as an element of the crime that the property was in fact stolen. Additionally, it bears emphasizing that circumstantial evidence may be utilized to establish this element. The focus must be on proving the status of the goods—not on attempting to identify the "victim" of the crime or the circumstances of the theft. If the victim can be identified, then certainly the Commonwealth can produce the victim and evidence regarding the theft. However, as set out by the Commonwealth, such bright line evidence is not always available. For instance, in situations where the defendant is in possession of goods or automobile parts with obliterated identification numbers, such as a warehouse storage area or "chop shop," the identity of the true owner, and therefore evidence of a theft, may never be capable of proof. However, under such circumstances, the introduction of the goods, their quantity and character, the obliterated identification numbers, and the circumstances under which the property was discovered should all be admissible on the question of whether the goods were stolen. Such factors could provide ample circumstantial evidence from which a jury could infer that goods were stolen and that defendant had knowledge of this fact.

However, while I agree with the majority that the trial court did not properly instruct the jury on the elements of the crime, I cannot agree that a new trial is the proper remedy under the facts and circumstances of this case. Rather, I

appellant's conviction will be sustained without the jury ever considering whether the goods were stolen, and it is possible that in a subsequent trial, the jury might not find that the Commonwealth sustained its burden of proof. Only if the jury has addressed the issue and decided against appellant may this court review whether the evidence was sufficient to sustain the jury's verdict.

would find that the Commonwealth did produce evidence to establish appellant's guilt as to all the elements of the crime. Appellant was arrested as the result of a "sting" operation set up by the Pennsylvania Attorney General's Office in conjunction with the Dauphin County District Attorney's Office and the Harrisburg Police Department. As set out by the Commonwealth and verified by the record:

On five different occasions, appellant sold items to agents operating the store. All items had original price tags affixed. On the fifth occasion, the Appellant entered the 'general store' and borrowed a box from the agents and left. Shortly thereafter, a second party, Richard Moses, entered the store carrying the same box that the Appellant had borrowed and proceeded to sell the agents the items contained in the box, all of which still had original price tags affixed to them.

The undercover agents turned over the above items to the Harrisburg Police Department, where photographs were taken of each item. The police then returned the items to their owners. Additionally, the police were able to extract a still picture of the individual involved in the above transactions from the videotape. The picture was later identified as the Appellant.

The Harrisburg Police then requested that the Appellant come to the police station. The Appellant complied and, while there, denied stealing the items in question. Rather, the Appellant stated that he had received the items from two males on 13th and Derry Streets, who were druggies and were known to the Appellant 'Gary' and 'Doogie.' The Appellant stated that he did believe the items were stolen.

On January 11 and 12 1990, the Honorable Warren G. Morgan of the Dauphin County Court of Common Pleas presided over the Appellant's jury trial on five (5) counts of theft by receiving stolen property. At trial, two agents from the Office of Attorney General and two officers of the Harrisburg Police Department testified to the above-stated facts. Additionally, representatives of the burglarized stores testified that their stores did sell the type of mer-

chandise at issue and that like items were missing from inventory.

Appellee's brief at 2–4 (notations to notes of testimony omitted).

Based on the above, I would find that the Commonwealth presented sufficient evidence to establish, beyond a reasonable doubt, that the goods were stolen. Since our standard of review when confronted with a challenge to jury instructions is whether the instructions were erroneous *and* whether such error prejudiced or harmed appellant, I must affirm the judgment of sentence in this instance. *See Leaphart v. Whiting Corp.,* 387 Pa.Super. 253, 564 A.2d 165 (1989), *appeal denied,* 525 Pa. 619, 577 A.2d 890 (1990); *Commonwealth v. Tharp,* 373 Pa.Super. 285, 541 A.2d 14 (1988) (defendant is entitled to new trial for instructional error only where such error has been clearly prejudicial). While I agree that the charge given to the jury was erroneous in that it did not include the element that the Commonwealth must prove the goods were actually stolen, I believe that such error was harmless. As evident from the previously recited facts, the Commonwealth clearly presented sufficient evidence that the goods in this case were stolen. Accordingly, appellant cannot claim to have been harmed by the error in omitting that element from the instructions. For appellant to claim relief based on this erroneous charge, he must convince this court that had the correct charge been given, the jury might have found that the goods were not stolen and returned a different verdict. My review of the evidence does not lead me to believe that scenario would have occurred. The evidence clearly establishes, beyond a reasonable doubt, that the goods were stolen.

The majority, however, questions the appropriateness of this review of the sufficiency of the evidence, at this juncture, when the evidence has never been reviewed by a jury in light of the correct instructions. My response is two-fold. First, any challenge to jury instructions necessarily requires a review of the evidence adduced at trial, as all challenges to jury instructions must be considered in light of the evidence. *See*

*Commonwealth v. Tharp, supra.* As set out by this court in *Commonwealth v. Humphreys,* 367 Pa.Super. 154, 532 A.2d 836, at 840 (1987),

Where the evidence clearly supports the omitted instruction, thereby leaving little room for speculation by the jury, this Court has held that the failure to define an element to the jury was not prejudicial error. *See Commonwealth v. Ehrsam,* 355 Pa.Super. 40, 59–60, 512 A.2d 1199, 1208–1209 (1986); *Commonwealth v. Goins,* 348 Pa.Super. 22, 501 A.2d 279 (1985); *Commonwealth v. Mlinarich,* 345 Pa.Super. 269, 287, 498 A.2d 395, 403–404 (1985) (en banc), *allocatur granted,* 512 Pa. 115, 516 A.2d 299 (1986). *Cf. Commonwealth v. Waller,* 322 Pa.Super. 11, 468 A.2d 1134 (1983) (clear misstatement of law was prejudicial).

Second, and perhaps more important, the appellant has placed the sufficiency question before this court by directly raising it on appeal.[1]

The first issue presented by appellant in his brief questions whether the Commonwealth failed to prove that the property was actually stolen. Appellant has argued to this court that there was insufficient evidence to sustain the verdict because the Commonwealth failed to establish, by way of direct evidence, from whom and under what circumstances the property was stolen. Specifically, appellant points to the testimony of the burglarized retail dealers as insufficient to establish that the particular items in question were stolen.[2] However, as set out above and recognized by the majority's holding today, this is not the requirement of proof placed on the Commonwealth. In cases involving theft by receiving stolen property, the Commonwealth's burden of production may be satisfied by direct or circumstantial evidence and the circumstances of a theft need not be proven. Instantly, in assessing all of the evidence presented by the Commonwealth, I believe there was little room for speculation by the jury that the goods in

1. Also, the Commonwealth presents the sufficiency of the evidence as an alternate basis for affirmance on appeal.

2. The retail dealers had testified that they sold the particular *type* of merchandise and that such like items were missing from their inventories.

question were in fact stolen. The only conclusion to which such an assessment can lead is that appellant's conviction was proper and the trial court's erroneous jury instruction was not prejudicial.

McEWEN and BECK, JJ., join in this concurring and dissenting Opinion.