J. S27003/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :     IN THE SUPERIOR COURT OF
    :        PENNSYLVANIA
         v.       :
    :
DARREL HENTZ,       :        No. 80 EDA 2014
    :
         Appellant     :

Appeal from the Judgment of Sentence, September 12, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013847-2012

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 14, 2015**

Darrel Hentz appeals from the judgment of sentence entered on June 27, 2013, in the Court of Common Pleas of Philadelphia County following his conviction of receiving stolen property. We affirm.

The relevant facts and procedural history are as follows. On October 3, 2012, at approximately 10:30 p.m., Officer Joseph McCauley was conducting narcotics surveillance in the 5200 block of Rodman Street in Philadelphia. In an alleyway, the officer observed appellant sitting in the driver's seat of a two-door Chevy Monte Carlo. (Notes of testimony, 6/27/2013 at 9-11.) Appellant looked in the direction of the officer and immediately jumped from the vehicle, discarding a set of keys as he ran. (***Id.*** at 10, 12.) Appellant was eventually stopped and placed in handcuffs for the officer's safety. (***Id.***) While in handcuffs, he informed the officer

---

* Former Justice specially assigned to the Superior Court.

that the subject vehicle "wasn't stolen." (*Id.* at 12, 22.) Inside the vehicle, Officer McCauley observed damage to the steering column. (*Id.* at 22.) The keys discarded by appellant were later recovered and were determined to operate the vehicle. (*Id.* at 23.) Officer McCauley ran the vehicle tag through the National Crime Information Center (hereinafter "NCIC") -- the results indicated that the subject vehicle was stolen. (*Id.* 12-13.)

Officer Teresa Sanchiunez testified that on September 13, 2012, she took information from Keith James Joyner ("Joyner"), the registered owner of the vehicle, and prepared a vehicle theft report. (*Id.* at 14.) The Commonwealth also introduced into evidence a vehicle record abstract from PennDOT, which included the vehicle's make, model, and VIN as well as a "stolen vehicle date" of September 13, 2012. (*Id.* at 18-19.) The abstract was submitted into evidence with a certificate and attestation, signed by the Secretary of Transportation and by the Director of the Bureau of Motor Vehicles. (*Id.* at 18-20.)

On June 27, 2013, the Honorable Sean F. Kennedy, sitting as fact-finder, convicted appellant of the aforementioned offense. On September 12, 2013, he was sentenced to two years' reporting probation. (Docket #2.) On September 18, 2013, appellant filed a motion for reconsideration of sentence, which was denied on December 9, 2013. A timely notice of appeal was filed; appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant

to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; and the trial court has filed an opinion. The following issues have been presented for our review:

> 1. Was not the evidence insufficient for conviction for receipt of stolen property as there was no evidence that the car was stolen?
>
> 2. Did not the court err in receiving the hearsay evidence that the vehicle was stolen, which was also in violation of defendant's state and federal rights to confrontation?

Appellant's brief at 2.

We begin by addressing appellant's claim concerning hearsay evidence of the NCIC report indicating that the vehicle had been reported stolen. Appellant argues the vehicle record abstract prepared by PennDOT should not have been admitted as substantive evidence that the vehicle was stolen, as the contents of the abstract were hearsay and not within the business records exception or official records exception. (***Id.*** at 11, 17.) We disagree.

In reviewing the trial court's evidentiary rulings, we are guided by the rule of law that the admissibility of evidence is a matter addressed at the sound discretion of the trial court. ***Commonwealth v. Mayhue***, 639 A.2d 421, 431 (Pa. 1994). We will only reverse a decision of the trial court upon a showing that the trial court abused its discretion. ***Id.***

This court has held that NCIC records are a business records exception to the hearsay rule. ***Commonwealth v. Corradino***, 588 A.2d 936 (Pa.Super. 1991). This exception to the hearsay rule reads as follows:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b).

In **Corradino**, the court held that the police officer's testimony as to the identity of NCIC printouts, time, method of their preparation, and manner in which they were obtained "provided a sufficient indication of the reliability of the printouts to warrant their admission." **Id.** at 939.

Here, the Commonwealth allowed its witness, Officer Sanchiunez, to testify that she prepared a stolen vehicle report with Mr. Joyner on September 13, 2012. (Notes of testimony, 6/27/13 at 15.) The inference was that the officer provided this information to the State Police. **See** 75 Pa.C.S.A. § 7113(a). The State Police, in turn, immediately passed the information to PennDOT, as required. **Id.** Once PennDOT received the report, it was mandated to "make an entry onto the vehicle's record that it had been reported stolen," 75 Pa.C.S.A. § 7114(a), and prepare "periodic reports listing vehicles, stolen and recovered, as disclosed by the reports submitted." 75 Pa.C.S.A. § 7114(b). The abstract was prepared in the normal course of business by an agency of the Commonwealth pursuant to statutory procedures. We find no error with the trial court's specific finding

that the abstract was a self-authenticating document under Pa.R.E. 902. (Notes of testimony, 6/27/13 at 19.) Officer McCauley was able to rely upon this report to establish the vehicle was stolen. Appellant has failed to show that the trial court erred in admitting this evidence.

To the extent that appellant presents a confrontation clause challenge to the introduction of this record, we agree with the Commonwealth that the claim is waived, as he failed to lodge this specific objection at trial. (**See** Commonwealth's brief at 10-11.) It is well settled that to preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and that the failure to do so results in waiver of the underlying issue on appeal. ***Commonwealth v. Akbar***, 91 A.3d 227, 235 (Pa.Super. 2014) (reversed on other grounds). In ***Akbar***, the defendant argued on appeal that the trial court improperly admitted two audio tapes without giving him the opportunity to confront the individuals on the tapes, in violation of the confrontation clause. At trial, the defendant had specifically objected to the admission of these tapes as hearsay but did not object on confrontation clause grounds. ***Id.*** As a result, this court held that the defendant had waived his confrontation clause argument on appeal. ***Id.*** Similarly, this portion of appellant's argument has been waived.

We now turn to appellant's contention that the Commonwealth presented insufficient evidence to support the conviction.

> Our standard of review in a sufficiency of the evidence challenge is to determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering all the evidence admitted at trial, and drawing all reasonable inferences therefrom in favor of the Commonwealth as the verdict-winner. The trier of fact bears the responsibility of assessing the credibility of the witnesses and weighing the evidence presented. In doing so, the trier of fact is free to believe all, part, or none of the evidence.

*Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa.Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010), quoting *Commonwealth v. Pruitt*, 951 A.2d 307, 313 (Pa. 2008) (citations omitted). The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant. *Commonwealth v. Markman*, 916 A.2d 586, 598 (Pa. 2007).

The crime of receiving stolen property is defined as follows: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). In order to obtain a conviction for receiving stolen property, the Commonwealth must prove beyond a reasonable doubt that the property was stolen, the defendant was in possession of the property, and the defendant knew the property was stolen or had reason to believe the property was stolen. *Commonwealth v. Stafford*, 623 A.2d 838, 841 (1993) (Pa.Super. 1993)

(*en banc*) (collecting cases). "[T]he Commonwealth may prove that the goods were stolen by means of circumstantial evidence alone." *Id.* at 841.

Appellant argues, "[t]he missing element in the instant case is the failure of the Commonwealth to establish that the vehicle that appellant was seen exiting, was, in fact stolen." (Appellant's brief at 10.) Appellant attempts to take advantage of a clear mis-statement at trial by the Commonwealth and Officer McCauley while reciting the vehicle's VIN and tag number from their notes; each were off by a letter and a number. (*Id.*) The corroborating exhibits in the certified record establish that such is not a basis for relief; the VIN, tag number, make, and model year, which are unique identifiers, recorded in Officer Sanchiunez's initial theft report and confirmed by Officer McCauley in his testimony were identical. (Commonwealth's brief at 6.)

We also agree with the trial court that the circumstantial evidence against appellant in this case was overwhelming. Upon seeing the officer, appellant immediately fled from the vehicle, which was parked in an alley, and threw the keys to the ground. The first thing he stated to the officer was the car was not stolen. The car also had a broken steering column. Viewing the evidence in the light most favorable to the Commonwealth, as verdict winner, we find that the Commonwealth presented sufficient evidence to sustain a conviction for receiving stolen property.

Judgment of sentence affirmed.

J. S27003/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015