J-A02005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS J. YACOBUCCI, II | : | |
| | : | |
| Appellant | : | No. 544 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 7, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000858-2018

BEFORE:  BOWES, J., MURRAY, J, and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 15, 2023**

Thomas J. Yacobucci, II appeals from the judgment of sentence of a three-hundred-dollar fine and court costs, which was imposed after a jury convicted him of theft by unlawful taking and receiving stolen property ("RSP").  We vacate Appellant's conviction and sentence for RSP and affirm his judgment of sentence in all other respects.

In 2017, Dennis Nixon owned a four-bay trailer with modified sideboards and a back gate.  **See** N.T. Jury Trial, 2/2/22, at 21-22.  Mr. Nixon stored the trailer at his door-manufacturing business where he allowed employees to borrow it for their own personal use.  **Id**. at 21, 40.  Terry Erickson was an employee of Mr. Nixon who often borrowed the trailer.  **Id**. at 25-26.  On the weekends and evenings, Mr. Erickson worked as a handyman for Appellant, who owned a car wash and several rental properties.  **Id**. at 34.

---

[*] Retired Senior Judge assigned to the Superior Court.

In October of 2017, Mr. Erickson received permission to borrow Mr. Nixon's trailer to assist Appellant in retrieving items he had purchased at an auction. *Id*. at 49. Appellant and Mr. Erickson transported the items from the auction to Appellant's car wash using the trailer. Appellant then stored the trailer and items inside a car wash bay. Over the next two months, Mr. Erickson and his son, Glenn, observed the trailer parked in the car wash bay.[1] In December, Mr. Erickson contacted Appellant about returning the trailer to its rightful owner, Mr. Nixon. Specifically, Mr. Erickson sent Appellant three letters and called him several times. *Id*. at 75. Appellant told him that he would not relinquish the trailer until Mr. Erickson brought him security cameras that Mr. Erickson's wife had been working on for the car wash and returned money that Appellant had prepaid to Mr. Erickson for future work.

On February 26, 2018, Mr. Erickson, Mrs. Erickson, and Glenn arrived at the car wash and returned the security cameras and money. Communications broke down when they requested the return of the trailer. Appellant became hostile and insisted that the Ericksons "get off his property." *Id*. at 43. The Ericksons vacated the property but remained close by while they called the Altoona Police Department to report the trailer as stolen. Officers William Hanelly, Jr. and Scott Hand responded to the car wash, where they separately encountered the Ericksons and Appellant and attempted to

---

[1] Glenn often assisted Mr. Erickson with his handyman work for Appellant.

peacefully resolve the dispute. However, Appellant was "dismissive" of the officers and refused to return the trailer. *Id*. at 105, 109.

On March 5, 2018, Detective Terry Merritts was assigned to the case and called Appellant, identifying himself as a police officer and stating that he was calling about the trailer. *Id*. at 147. Appellant immediately became "very hostile," stated this was "a civil matter," and shouted that "he was done talking to me and it was a waste of his time," before terminating the phone call. *Id*. at 147-48. Thereafter, the Commonwealth charged Appellant with theft by unlawful taking-movable property and RSP, both classified as misdemeanors in the first degree for which Appellant, if convicted, would be subject to a term of up to five years of incarceration.

On August 23, 2019, the parties proceeded to a non-jury trial on the summary offense of theft by unlawful taking. After seven witnesses testified, the trial court entered an order and opinion convicting Appellant of theft by unlawful taking. On February 19, 2020, the Court held a sentencing and restitution hearing, at which the court ordered Appellant to pay $1,187.42 in restitution to Mr. Nixon, a fine of $100, and court costs. Appellant paid the restitution in cash to Mr. Nixon the same day. Since Appellant paid the restitution immediately, the court stated that it would not impose a sentence of incarceration or probation. On March 13, 2020, the court executed a "consent order" which was signed by the Commonwealth and trial counsel and amended Appellant's conviction from theft by unlawful taking to retail theft, which is a summary offense.

Appellant filed a timely notice of appeal challenging the sufficiency of the evidence to convict him of retail theft. This Court vacated the conviction and remanded for a new trial, explaining that the trial court did not have the discretion to reclassify a crime as a summary offense, alter the verdict after trial to find Appellant guilty of a crime for which he was not tried, or *sua sponte* enter a consent order amending the criminal information. **See Commonwealth v. Yacobucci**, 258 A.3d 557 (Pa.Super. 2021) (non-precedential decision at 6-8). Further, since the record was devoid of any evidence that Appellant waived his constitutional right to a jury trial and the theft offense, as properly graded, could have resulted in a term of five years' incarceration, we vacated the conviction and remanded for a new trial. **Id**. (non-precedential decision at 9-10).

On February 2, 2022, Appellant proceeded to a jury trial on the original charges. At the outset, the trial court issued a sequestration order barring all Commonwealth witnesses from the courtroom except for Detective Merritts, the affiant.[2] After the testimony of Officer Hanelly, where he was cross-examined about his reasoning for not seeking a search warrant for the car wash to confirm the presence of the trailer, a brief recess occurred. Thereafter, Appellant alleged that Officer Hanelly, Officer Hand, and Detective

_____

[2] The issuance of the sequestration order does not appear in the trial transcript. However, the Commonwealth, Appellant, and the trial court agree that sequestration was ordered at the start of the jury trial and the record indicates that a brief meeting in chambers occurred at that time. **See** N.T. Jury Trial, 2/2/22, at 1. Thus, for the purposes of this appeal we accept that a sequestration order was issued.

Merritts had violated the sequestration order during the recess. The trial court held a hearing outside the presence of the jury at which Officer Hanelly, Officer Hand, and Detective Merritts testified that they had been talking generally about the staleness of information as it applied to search warrants. Appellant moved for a mistrial, which the court denied. Although the court agreed with Appellant that the Commonwealth violated the sequestration order, the court disagreed that a mistrial was necessary. Instead, the court barred the Commonwealth from presenting Officer Hand's testimony, the only remaining Commonwealth witness subject to the sequestration order. Since Detective Merritts was not subject to the sequestration order and was not involved in the investigation at the same time as Officers Hanelly and Hand, the court allowed Detective Merritts to testify. Notably, Detective Merritts' testimony did not concern the staleness of a search warrant.

At the conclusion of the Commonwealth's case-in-chief, Appellant moved for judgment of acquittal based on insufficient evidence, which the trial court denied. Appellant elected not to testify, opining that "we've all heard from enough clowns in the circus." *Id*. at 154. After issuing its instructions, the court answered one jury question without objection. Ultimately, the jury found Appellant guilty of both charges. However, since the jury specifically indicated that the amount taken was not between $200 and $2,000, Appellant's convictions were downgraded to third-degree misdemeanors. **See** 18 Pa.C.S. § 3903(c); **see also Commonwealth v. Thompson**, 279 A.3d 1261 (Pa.Super. 2022) (non-precedential decision at 5) (finding that where

the value of the goods cannot be satisfactorily ascertained the value shall be deemed to be less than $50, constituting a misdemeanor of the third degree).

The trial court sentenced Appellant to pay a $300 fine for the theft conviction.  The RSP count merged with the theft conviction for sentencing purposes.  Appellant did not file a post-sentence motion.  Instead, this timely notice of appeal followed.  Both Appellant and the trial court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the trial court err in denying [Appellant's] motion for acquittal at the close of the Commonwealth's case with regard to the theft by unlawful taking and [RSP] charges?

2. Did the trial court err in not declaring a mistrial or taking greater curative action because of the violation of the sequestration order by the Commonwealth's police witnesses?

3. Did the trial court err in failing to provide sufficient answer, before the verdict was delivered, to Juror No. 3's question about "what type of vehicle was used to pull the trailer[?"]

Appellant's brief at 2.

We first consider Appellant's averment that the trial court erred when it denied his motion for judgment of acquittal.  A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.  ***See Commonwealth v. Emanuel***, 86 A.3d 892, 894 (Pa.Super. 2014).  Our scope and standard of

review when considering challenges to the sufficiency of the evidence are well settled:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Williams*, 176 A.3d 298, 305–06 (Pa.Super. 2017) (citations and quotation marks omitted).

Theft by unlawful taking, under the subsection charged here, occurs when a person "unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive [the other] thereof." 18 Pa.C.S. § 3921(a). The Crimes Code defines "deprive" as the following:

> (1) To withhold property of another permanently or for so extended a period as to appropriate a major portion of its economic value, or with intent to restore only upon payment of reward or other compensation; or
>
> (2) to dispose of the property so as to make it unlikely that the owner will recover it.

18 Pa.C.S. § 3901.

Appellant claims that he was in lawful possession of the trailer and lacked the *mens rea* to permanently deprive Mr. Nixon of the property. **See** Appellant's brief at 11. However, the evidence, viewed in the light most favorable to the Commonwealth, supports Appellant's theft by unlawful taking conviction. Through the testimony of Mr. Erickson, Mrs. Erickson, and Glenn, the evidence established that Appellant refused to return the trailer which he knew belonged to Mr. Nixon. Despite three letters, multiple phone calls, an in-person meeting, and police attempts to act as a mediator between the parties, Appellant never returned the trailer to Mr. Erickson so that he could return it to Mr. Nixon. Accordingly, the evidence was sufficient to establish that Appellant possessed Mr. Nixon's trailer with the intent to deprive him of it.[3]

Appellant also contends that he was entitled to a judgment of acquittal on his conviction for RSP. **See** Appellant's brief at 13. Appellant does not dispute that the trailer was not his and that he willingly retained it. Rather, Appellant claims that the record is devoid of any evidence that the trailer was stolen at the time he first received it. **See** Appellant's brief at 13; **see also** Appellant's reply brief at 1. We are constrained to agree with Appellant.

_____

[3] In a sub-claim, Appellant contends that the trial court erred by issuing an incomplete jury instruction for taking movable property. **See** Appellant's brief at 11. However, Appellant did not object when the allegedly erroneous instruction was delivered. Thus, this claim is waived. **See Commonwealth v. Rivera**, 938 A.2d 1211, 1229 (Pa. 2009); **see also** Pa.R.A.P. 302(a).

- 8 -

RSP "is established by proving that the accused 'intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.'" *Commonwealth v. Galvin*, 985 A.2d 783, 792 (Pa. 2009) (quoting 18 Pa.C.S. § 3925). In order to sustain a conviction for receiving stolen property, "the Commonwealth must first establish that the goods in question are actually stolen[.]" *Commonwealth v. Stafford*, 623 A.2d 838, 840 (Pa.Super. 1993) (*en banc*). Indeed, "[i]t is not enough that the Commonwealth proves only that: 1) [t]he defendant received property of another; and 2) [h]e received the property knowing it was stolen or believing it had probably been stolen. The Commonwealth also must establish that the property was actually stolen." *Id*. Further, one cannot be found guilty of receiving stolen property "simply by retaining property that a reasonable person would conclude is probably stolen. Under the [current statute], the defendant must, at a minimum, harbor the personal belief that the item is probably stolen." *Commonwealth v. Newton*, 994 A.2d 1127, 1131–32 (Pa.Super. 2010).

Upon our review of the record, we find that the Commonwealth failed to prove that the trailer was stolen at the time Appellant received it or when it was last spotted in Appellant's possession. Mr. Erickson's testimony indicated that he initially lent the trailer to Appellant with the express permission of Mr.

Nixon and that Appellant was aware that he had Mr. Nixon's permission to borrow it. The problem arose months later when Appellant refused to relinquish control of the trailer. However, our existing precedent requires that property must be "stolen" at the time of receipt to support an RSP conviction. *See Stafford*, *supra* at 840-41 ("[T]he Commonwealth must prove the goods were actually stolen in order to obtain a conviction for receiving stolen property."); *see also Commonwealth v. Morrissey*, 654 A.2d 1049, 1054 (Pa. 1995) (concluding that a conviction for receiving stolen property could not stand since the defendant "could not be guilty of receiving stolen property which she never stole"). Accordingly, we hold that the trial court erred in denying Appellant's motion for judgment of acquittal on the RSP charge. Since RSP merged into the theft charge for sentencing purposes, the *vacatur* of the RSP conviction does not upset the sentencing scheme and we do not need to remand for resentencing.

In his next claim, Appellant argues that the trial court abused its discretion when denying his motion for mistrial based on the Commonwealth's violation of the sequestration order. *See* Appellant's brief at 15.

Where violation of a sequestration order occurs, the remedy selected:

> is within the sound discretion of the trial court. In exercising its discretion, the trial court should consider the seriousness of the violation, its impact on the testimony of the witness, and its probable impact on the outcome of the trial. We will disturb the trial court's exercise of its discretion only if there is no reasonable ground for the action taken.

*Commonwealth v. Rose*, 172 A.3d 1121, 1127 (Pa.Super. 2017) (quoting *Commonwealth v. Smith*, 346 A.2d 757, 760 (Pa. 1975)). "A mistrial may be granted only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict." *Commonwealth v. Simpson*, 754 A.2d 1264, 1272 (Pa. 2000). Accordingly, we review the court's ruling on such a claim for an abuse of discretion. *See Commonwealth v. Wilson*, 273 A.3d 13, 21 (Pa.Super. 2021).

Herein, the trial court found that the sequestration order had been violated and that barring Officer Hand from testifying was sufficient to cure any prejudice Appellant suffered from the violation. Since, as Affiant, Detective Merritts was present for Officer Hanelly's testimony and his involvement in the case did not overlap with Officer Hanelly, the court declined to preclude his testimony.

After examining the circumstances surrounding the violation, we do not find that the trial court acted unreasonably or that it abused its discretion in refusing to declare a mistrial. The trial court considered the seriousness of the violation, its impact on the testimony of each involved witness, and its probable impact on the outcome of trial. By barring Officer Hand from testifying and ensuring that Officer Hanelly was not recalled, the court guarded against the potential that Appellant would be prejudiced by the violation. As the affiant, Detective Merritts was present for Officer Hanelly's testimony and,

later, confined his own testimony to events that transpired after Officers Hanelly and Hand were no longer involved in the investigation. Thus, his testimony was not impacted by the hallway conversation and no relief is due.

In Appellant's final claim, he alleges that the trial court erred when it failed to provide a sufficient answer to the jury question regarding facts that were not in evidence. **See** Appellant's brief at 17-18. Herein, Juror No. 3 asked, "what type of vehicle was used to pull the trailer?" N.T. Jury Trial, 2/2/22, at 185. The court responded that "the jury was to rely on their own collective recollection of the evidence and no further answer to the question can be given" and asked the court reporter to type and print the answer. **Id**. at 185. Despite the trial court's specific inquiry regarding whether there were any objections to the instruction itself or the means for delivery, Appellant failed to issue a contemporaneous objection. **Id**. It is well-established that "[t]he absence of a contemporaneous objection below constitutes a waiver of the claim on appeal." **Commonwealth v. Rodriguez**, 174 A.3d 1130, 1145 (Pa.Super. 2017) (citing **Commonwealth v. Powell**, 956 A.2d 406, 423 (Pa. 2008)). Since our review of the record reveals that Appellant failed to place a timely objection on the record, this claim is waived. **See Rodriguez**, **supra** at 1145.

Consistent with the foregoing, Appellant is not entitled to relief on his theft conviction, while we vacate Appellant's conviction for RSP. Since

vacation of the RSP conviction does not upset the sentencing scheme, we need not remand for resentencing.

Conviction and sentence for RSP vacated. Judgment of sentence affirmed in all other respects.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023